REVISED OPINION
PER CURIAM.
The Probate and Guardianship Rules Committee of The Florida Bar and the Probate and Guardianship Rules Committee of the Real Property, Probate and Trust Law Section, acting as a joint committee, have submitted their quadrennial petition for amendments to the Rules of Probate and Guardianship Procedure. According to the petition, amendments were deemed necessary because of changes in statutory procedures and causes of action, changes brought about by court decisions, and suggestions which were submitted by interested members of the Bar and members of the judiciary.
The committee also points out that pursuant to this Court’s direction in The Florida Bar re Emergency Amendments to Florida Rules of Probate and Guardianship Procedure, 460 So.2d 906 (Fla.1984), it has endeavored to identify those portions of the Florida Probate Code which contain procedural provisions and to include within the proposed amendments rules incorporating those procedures. Because of its understanding that the legislature proposes a massive revision of the Florida guardianship law, the committee did not undertake the same task except in one instance with respect to the guardianship rules.
The committee suggests that the two most significant changes in its proposed amendments are found in rule 5.346 on the subject of fiduciary accounting and rule 5.360 concerning elective share and preexisting dower.
All of the proposed amendments were unanimously approved by the Board of Governors of The Florida Bar and the Executive Council of the Real Property Section of The Florida Bar. Notice of the proposed amendments has been published in The Florida Bar News. No objections have been filed with this Court.
At oral argument, counsel advised that the recent decision of the United States Supreme Court in Tulsa Professional Collection Services, Inc. v. Pope, — U.S. —, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), appeared to have necessitated additional amendments to the rules as they relate to notice to creditors. Therefore, at this Court’s request, the committee subsequently submitted a proposed amendment to rule 5.240 and the addition of rule 5.495 to accommodate the requirements of Pope.
The proposed amendments which are attached hereto are hereby approved[1] and shall become effective on January 1, 1989. The committee notes are included for explanation and guidance only and are not adopted as an official part of the rules.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
FLORIDA PROBATE RULES
PART I—GENERAL
RULE 5.010. SCOPE
These rules govern the procedure in all probate and guardianship proceedings and shall be known as the Florida Probate Rules and may be cited as FPR. Part I of these rules applies to both probate and guardianship procedure. Part II applies to probate alone and Part III to guardianship alone. The Florida Rules of Civil Procedure apply only as provided herein.
*501 Committee Notes
In the opinion reported at 460 So.2d 906, the Florida Supreme Court directed the Probate and Guardianship Rules Committee to study the statutes and attempt to identify those portions of the Florida Probate Code, the Florida Guardianship Law, and other statutes that contained procedural provisions. When those procedural provisions were identified, the committee was charged to promulgate rules incorporating those procedures.
The committee has reviewed the statutes and has found a substantial measure of procedure that was contained only in the statutes for which there were no corresponding rules. The committee also determined that much of the procedure in the statutes already had a rule counterpart.
New rules added, or prior rules amended, in 1988 to add procedural matters previously found only in the statutes are Rules 5.050, 5.122, 5.171, 5.180, 5.201, 5.235, 5.270, 5.275, 5.340, 5.355, 5.360, 5.385, 5.386, 5.400, 5.440, 5.475, 5.490, and 5.510. With only one exception (see Rule 5.050), the only portion of the statutes that has been reviewed in detail, and for which rules have been created, is the Florida Probate Code. Other portions of the statutes mentioned in the opinion cited above remain for the next cycle of this committee to review.
As the committee wrote rules to transfer the statutory procedure into these rules, an attempt was made to write the rule without changing the meaning of the statute. It was not possible or advisable to use the exact wording of the statute in some instances, and in those instances the committee rewrote the statutory language in the format used in the rules generally. Even under those circumstances, the committee attempted to transfer the entire procedural portion of the statute without changing its meaning. Where it was specifically intended in a few instances to add to existing statutory procedure, that fact is noted in the relevant committee note. The committee felt strongly that it would be detrimental to the orderly process of estate probate and related procedures if a rule specified a different procedure than was specified in the related statute, even though the statute must, under the Florida Constitution, yield to the rule when there is a conflict.
The committee, through the proper channels in The Florida Bar (initially, the Probate Law Committee of the Real Property, Probate and Trust Law Section), intends to ask the legislature to repeal those portions of the statutes that are procedural when there are similar rules already in place, or when similar new rules are added by this opinion. It is the opinion of the committee that continuing to maintain procedure in the statutes when there is a rule specifying that procedure is detrimental to the orderly process of the court and the public that it serves, especially when, over time, the statute and the rule may diverge.
Although the Supreme Court has adopted these recommended rules, it has not specifically determined that all of the provisions of the statutes that were procedural have now been adopted as a rule. This is a continuing project for the committee and although these new rules and changes represent a substantial transition of procedure into the rules, the committee does not suggest that the transition is complete. The court is not precluded from examining any particular statute or rule in the context of a particular actual dispute.
Rule History
1975 Revision: These rules shall govern the procedures to be followed in all matters pending on or commenced after January 1, 1976, including procedures for the enforcement of substantive rights that have vested before that date. See F.S. 731.011.
1977 Revision: The changes in these rules shall take effect on July 1, 1977.
1988 Revision: Committee notes expanded. Citation form changes in rule and committee notes. .
Rule References
FPR 5.025 Adversary proceedings.
FPR 5.040(a)(3)(C) Notice.
FPR 5.050 Transfer of proceedings.
FPR 5.070 Subpoena.
FPR 5.080 Discovery.
FPR 5.230(e) Commission to prove will. RULE 5.015. GENERAL DEFINITIONS
(a) General. The definitions and rules of construction stated or referred to in F.S. 1.01, and Chapters 731, 732, 733, 734, 735, 737, 738, and 744, as amended from time to time, shall apply to these rules, unless otherwise defined in these rules.
(b) Specific definitions. When used in these rules
(1) “certified copy” means a copy of a document signed and verified as a true copy by the officer to whose custody the original is entrusted;
(2) “formal notice” means notice under FPR 5.040(a);
*502 (3) “informal notice” means notice under FPR 5.040(b);
(4) “judge” means a judge of the circuit court, including any judge elected, appointed, substituted, or assigned to serve as judge of the court.
Committee Notes
Rule History
1977 Revision: No change in rule. Correction of typographical error in committee note.
This is intended to simplify drafting of these rules and should be liberally construed. See FPR 5.190 and 5.540 and also F.S. 731.201 and F.S. 744.102.
1988 Revision: Rule was expanded due to deletion of FPR 5.190. Committee notes expanded. Citation form changes in rule and committee notes.
Statutory References
F.S. 1.01 Definitions.
F.S. 731.201 General definitions.
F.S. 744.102 Definitions.
RULE 5.020. PLEADINGS; VERIFICATION; MOTIONS
(a) Forms of pleading. Pleadings shall be signed by the attorney of record, and by the pleader when required by these rules. All technical forms of pleadings are abolished. No defect of form impairs substantial rights, and no defect in the statement of jurisdictional facts actually existing renders any proceeding void.
(b) Petition. A petition shall contain a short and plain statement of the relief sought, the grounds therefor, and the jurisdiction of the court where the jurisdiction has not already been shown.
(c) Motions. Any other application to the court for an order shall be by written motion, unless made orally during a hearing or trial. The motion shall state with particularity the grounds therefor and shall set forth the relief or order sought.
(d) Rehearing. A motion for rehearing of any order or judgment shall be served not later than ten days after the date of filing the order or judgment with the clerk as shown on the face of the order or judgment.
(e) Verification. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement:
“Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.”
Committee Notes
The time for determining when a motion for rehearing must be served has been clarified in view of Casto v. Casto, 404 So.2d 1046 (Fla. 1981).
Rule History
1977 Revision: Editorial change (rule) and expansion of committee note. Paragraphs (a), (b), and (d) substantially the same as paragraphs (a), (b), and (f) of prior FPR 5.030. Paragraph (c) taken from F.S. 731.104. For adversary proceedings see new FPR 5.025. Notice of administration is not a pleading within the meaning of this rule.
1980 Revision: Paragraphs (c) and (d) have been redesignated as (e) and (f). New paragraphs (c) and (d) are added to provide for the use of motions in probate proceedings other than adversary proceedings and to specifically authorize a procedure for rehearing.
1984 Revision: Minor editorial changes. Paragraph (f) of prior rule has been deleted as it is now covered under the adversary rules.
1988 Revision: Editorial change in caption of (a). Committee notes revised. Citation form change in committee notes.
Statutory References
F.S. 731.104 Verification of documents.
F.S. 731.201 General definitions.
F.S. 733.202 Petition.
F.S. 733.604(2) Inventory.
F.S. 735.103 Petition for family administration.
F.S. 735.203 Petition for summary administration.
F.S. 744.104 Verification of documents.
F.S. 744.331(1) Adjudication of person mentally or physically incompetent; procedure.
F.S. 744.334 Petition for appointment of guardian; contents.
Rule References
FPR 5.025 Adversary proceedings.
FPR 5.200 Petition for administration.
FPR 5.205(b) Filing evidence of death.
FPR 5.320 Oath of personal representative.
FPR 5.350 Continuance of unincorporated business or venture.
*503 FPR 5.370(a) Sales of real property where no power conferred.
FPR 5.405(b) Proceedings to determine homestead real property.
FPR 5.520 Family administration.
FPR 5.530 Summary administration.
FPR 5.550 Petition to determine competency.
FPR 5.560 Petition for appointment of guardian; notice.
FPR 5.600 Oath.
RULE 5.025. ADVERSARY PROCEEDINGS
(a) Specific adversary proceedings. The following shall be adversary proceedings unless otherwise ordered by the court: proceedings to remove a personal representative, surcharge a personal representative, remove a guardian, surcharge a guardian, probate a lost or destroyed will or later-discovered will, determine beneficiaries, construe a will, cancel a devise, partition property for the purposes of distribution, determine pretermitted share, and for revocation of probate of a will.
(b) Declared adversary proceedings. Other proceedings may be declared adversary by service on interested persons of a separate declaration that the proceeding is adversary.
(1) If served by the petitioner, the declaration shall be served with the petition to which it relates.
(2) If served by the respondent, the declaration and a written response to the petition shall be served at the earlier of:
(A) within 20 days after service of the petition, or
(B) prior to the hearing date on the petition.
(3) The declaration shall be served in the same form and manner as though responding to formal notice.
(4) When the declaration is served by a respondent, the petitioner shall promptly serve formal notice on all other interested persons.
(c) Adversary status by order. The court may determine any proceeding to be an adversary proceeding at any time.
(d) Notice and procedure in adversary proceedings.
(1) Petitioner shall serve formal notice.
(2) After service of formal notice, the proceedings, as nearly as practicable, shall be conducted similar to suits of a civil nature and the Florida Rules of Civil Procedure shall govern, including entry of defaults.
(3) The court on its motion or on motion of any interested person may enter orders to avoid undue delay in the main administration.
(4) If a proceeding is already commenced when an order is entered determining the proceeding to be adversary, it shall thereafter be conducted as ah adversary proceeding. The order shall require interested persons to serve written defenses, if any, within 20 days from the date of the order. It shall not be necessary to re-serve the petition except as ordered by the court.
(5) When the proceedings are adversary, the caption of subsequent pleadings, as an extension of the probate caption, shall include the name of the first petitioner and the name of the first respondent.
Committee Notes
The court on its initiative or on motion of any party may order any proceeding to be adversary or nonadversary or vice versa or enter any order which will avoid undue delay. The personal representative would be an interested person in all adversary proceedings. A prescribed form for the caption is provided which will facilitate the clerk’s and the court’s ability to segregate such adversary proceeding from other adversary proceedings and from the main probate file:
Court
Case #
In Re Estate of John B. Jones Julia Jones,
Petitioner,
v.
Harold Jones, as Personal Representative, et al.,
Respondents.
Rule History
1975 Revision: New rule. 324 So.2d 38.
1977 Revision: Editorial changes to (a)(1).
1984 Revision: Extensive changes, committee notes revised and expanded.
1988 Revision: Changes in (a) add proceedings to remove a guardian and to surcharge a guardian to the list of specific adversary proceedings and delete proceedings to determine and award the elective share from the list. Change in (b)(4) clarifies on whom the petitioner must serve *504 formal notice. Editorial change in (d)(2) and (d)(5). Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 731.107 Adversary proceedings.
F.S. 732.301 Pretermitted spouse.
F.S. 732.507 Effect of subsequent marriage, birth, or dissolution of marriage.
F.S. 732.6005-732.611 Rules of construction.
F.S. 732.803 Charitable devises.
F.S. 733.105 Determination of beneficiaries.
F.S. 733.109 Revocation of probate.
F.S. 733.207 Establishment and probate of lost or destroyed will.
F.S. 733.208 Discovery of later will.
F.S. 733.504 Causes of removal of personal representative.
F.S. 733.505 Jurisdiction in removal proceedings.
F.S. 733.506 Proceedings for removal.
F.S. 733.507 Administration following resignation or removal.
F.S. 733.603 Personal representative to proceed without court order.
F.S. 733.609 Improper exercise of power; breach of fiduciary duty.
F.S. 733.619(2) and (4) Individual liability of personal representative.
F.S. 733.814 Partition for purpose of distribution.
F.S. 744.474 Reasons for removal of guardian.
F.S. 744.477 Proceedings for removal.
Rule References
FPR 5.040 Notice.
FPR 5.270 Revocation of probate.
FPR 5.360 Duty to pay elective share.
FPR 5.440 Proceedings for removal.
FPR 5.660 Proceedings for removal of guardian.
Fla.R.Civ.P. 1.140 Defenses.
Fla.R.Civ.P. 1.160 Motions.
Fla.R.Civ.P. 1.200 Pretrial procedure.
Fla.R.Civ.P. 1.280 General provisions governing discovery.
Fla.R.Civ.P. 1.290 Depositions before action or pending appeal.
Fla.R.Civ.P. 1.310 Depositions upon oral examination.
Fla.R.Civ.P. 1.340 Interrogatories to parties.
Fla.R.Civ.P. 1.380 Failure to make discovery; sanctions.
RULE 5.030. ATTORNEYS
(a) Required; exception. Every guardian and every personal representative, unless the personal representative remains the sole interested person, shall be represented by an attorney admitted to practice in Florida. If the guardian or personal representative is an attorney admitted to practice in Florida, he may represent himself as guardian or personal representative.
(b) Limiting appearance. An attorney of record for an interested person in a proceeding governed by these rules shall be the attorney of record in all other proceedings in the administration of the same estate or guardianship, except service of process in an independent action on a claim, unless
(1) at the time of appearance the attorney files a notice specifically limiting his appearance only to the particular proceeding or matter in which he appears, or
(2) the court orders otherwise.
(c) Withdrawal or limiting appearance. An attorney of record may withdraw or limit his appearance with approval of the court, after filing a motion setting forth his reasons and serving a copy on his client and interested persons.
Committee Notes
The appearance of an attorney in an estate is a general appearance unless (i) specifically limited at the time of such appearance or (ii) the court orders otherwise. This rule does not affect the right of a party to employ additional attorneys who, if members of The Florida Bar, may appear at any time.
Rule History
1975 Revision: Paragraph (a) is same as prior FPR 5.040 with added provision for withdrawal of attorney similar to Fla.R. App.P. 2.3(d)(2). Paragraph (b) reflects ruling in case of State ex rel. Falkner v. Blanton, 297 So.2d 825-(Fla.l974).
1977 Revision: Editorial change requiring filing of petition for withdrawal and service of copy upon interested persons. Editorial change in citation forms in rule and committee note.
1984 Revision: Minor editorial changes and additions of paragraph (c). Committee notes expanded.
1988 Revision: Editorial changes and order of paragraphs rearranged. Committee *505 notes expanded. Citation form changes in committee notes.
Statutory References
F.S. 731.301 Notice; method and time; proof.
F.S. 733.106 Costs and attorney fees.
F.S. 733.212 Notice of administration; filing of objections and claims.
F.S. 733.6175 Proceedings for review of _ employment of agents and compensation of personal representatives and employees of estate.
F.S. 744.424 Attorney’s fees and expenses.
Rule References
FPR 5.041(b) Service of pleadings and papers.
FPR 5.110(c) Resident agent.
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.App.P. 9.440 Attorneys.
RULE 5.040. NOTICE
(a)Formal notice.
(1) When formal notice is given, a copy of the pleading or motion shall be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service or immediately thereafter, and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.
(2) After service of formal notice, informal notice of any hearing on the pleading or motion shall be served on interested persons, provided that if no written defense is served within 20 days after service of formal notice on an interested person, the pleading or motion may be considered ex parte as to that person, unless the court orders otherwise.
(3) Formal notice shall be served:
(A)by any form of mail requiring a signed receipt as follows:
(i) on an interested person represented by an attorney by mailing a copy to the attorney; or
(ii) on an interested person who has filed a demand for notice by mailing a copy to the post office address given in the demand for notice; or
(iii) on an individual, other than an incompetent, by mailing a copy to his usual place of abode or to the place where he regularly conducts business; or
(iv) on an incompetent by mailing a copy to his usual place of abode and to his legal guardian, if any, at his usual place of abode or regular place of business; or, if there is no legal guardian, by mailing a copy to the incompetent at his usual place of abode and to the person, if any, having care or custody of the incompetent at the usual place of abode or regular place of business of such custodian; or
(v) on a corporation by mailing a copy to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
(B) as provided by Florida law for service of process; or
(C) by an elisor as may be provided in the Florida Rules of Civil Procedure.
(4) If service of process is made pursuant to Florida law, proof of service shall be made as provided therein.
(5) Service of formal notice by mail shall be complete on receipt of the notice. If service is made by mail, proof of service shall be by verified statement of the person mailing service, and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or his agent.
(b) Informal notice. When informal notice of a petition or other proceeding is required or permitted, it shall be served as provided in these rules.
(c) “Notice” defined. In these rules, the Florida Probate Code, and the Florida Guardianship Law “notice” shall mean in *506 formal notice unless formal notice is specified.
(d) Formal notice optional. Formal notice may be given in lieu of informal notice at the option of the person giving notice unless the court orders otherwise. When formal notice is given in lieu of informal notice, formal notice shall be given to all interested persons entitled to notice.
Committee Notes
Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining jurisdiction over the person receiving the notice.
Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.
Rule History
1975 Revision: Implements F.S. 731.301.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new FPR 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 731.105 In rem proceeding.
F.S. 731.201(16) and (20) General definitions.
F.S. 731.301 Notice; method and time; proof.
F.S. 733.203 Notice; when required.
F.S. 733.212 Notice of administration; filing of objections and claims.
F.S. 733.2123 Adjudication before issuance of letters.
F.S. 733.502 Resignation of personal representative.
F.S. 733.613 Personal representative’s right to sell real property.
F.S. 733.6175 Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
F.S. 744.106 Notice and virtual representation.
F.S. 744.331(4) Adjudication of persons mentally or physically incompetent; procedure.
F.S. 744.337 Notice of hearing.
F.S. 744.441 Powers of guardian upon court approval.
F.S. 744.447 Petition for authorization to act.
F.S. 744.477 Proceedings for removal.
F.S. ch. 48 Process and service of process.
F.S. ch. 49 Constructive service of process.
F.S. 1.01(3) Definitions.
Rule References
FPR 5.025 Adversary proceedings.
FPR 5.030 Attorneys.
FPR 5.041 Service of pleadings and papers.
FPR 5.042 Time.
FPR 5.180 Waiver and consent.
FPR 5.550 Petition to determine incompetency.
FPR 5.560 Petition for appointment of guardian; notice.
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.Civ.P. 1.070 Process.
Fla.R.Civ.P. Form 1.902 Summons. RULE 5.041. SERVICE OF PLEADINGS AND PAPERS
*507 (a) Service; when required. Unless the court orders otherwise, every petition or motion for an order determining rights of an interested person, and every other pleading or paper filed in the particular proceeding which is the subject matter of such petition or motion, except applications for witness subpoenas, shall be served on interested persons unless these rules, the Florida Probate Code, or the Florida Guardianship Law provide otherwise. No service need be made on interested persons against whom a default has been entered, or against whom the matter may otherwise proceed ex parte, unless a new or additional right or demand is asserted.
(b) Service; how made. When service is required or permitted to be made in a particular proceeding in the administration of an estate on an interested person represented by an attorney, service shall be made on the attorney unless service on the interested person is ordered by the court. Except when serving formal notice, service on the attorney or interested person shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean
(1) handing it to the attorney or to the interested person, or
(2) leaving it at his office with his clerk or other person in charge thereof, or
(3) if there is no one in charge, leaving it in a conspicuous place therein, or
(4) if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above 15 years of age and informing that person of the contents. Service by mail shall be complete on mailing except where serving formal notice.
(c) Service; numerous interested persons. In proceedings when the interested persons are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its initiative in a manner as may be found to be just and reasonable.
(d) Filing. All original papers shall be filed either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing with the court defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with him in which event the judge shall note thereon the filing date and transmit them to the clerk.
(f) Certificate of service. When any attorney shall certify in substance:
“I certify that a copy hereof has been furnished to (here insert name or names) by (delivery) (mail) this_day of_, 19_
[[Image here]]
Attorney”
the certificate shall be taken as prima facie proof of service in compliance with these rules except in case of formal notice. A person not represented by an attorney shall certify in the same manner, but the certificate must be verified.
(g)Service of orders.
(1) A copy of all orders or judgments determining rights of an interested person shall be transmitted by the court or under its direction at the time of entry of the order or judgment to all interested persons in the particular proceeding.
(2) This subdivision (g) is directory, and a failure to comply with it does not affect the order or judgment or its finality.
Committee Notes
Derived from Fla.R.Civ.P. 1.080. Regulates the service of pleadings and papers in proceedings on petitions or motions for determination of rights. It is not applicable to every pleading and paper served or filed in the administration of a guardianship or decedent’s estate.
Rule History
1984 Revision: New rule. Paragraph (c) is same as former FPR 5.040(d).
*508 1988 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 731.201 General definitions.
F.S. 731.301 Notice; method and time; proof.
F.S. 733.604(2) Inventory.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.025 Adversary proceedings.
FPR 5.030 Attorneys.
FPR 5.040 Notice.
FPR 5.042 Time.
FPR 5.150(c) Order requiring accounting.
FPR 5.180(a)(3) Waiver and consent.
FPR 5.240(a) Notice of administration.
FPR 5.550 Petition to determine incompetency.
FPR 5.560 Petition for appointment of guardian; notice.
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.Civ.P. 1.080 Service of pleadings and papers.
RULE 5.042. TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the period begins to run shall not be included. The last day of the period shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor legal holiday. When the period is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded. Any day the clerk’s office is closed shall be deemed a legal holiday for purposes of this rule.
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by these rules, by order of court, or by notice given thereunder, for cause shown the court at any time in its discretion
(1) with or without notice may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or
(2) on motion made and notice after the expiration of the specified period may permit the act to be done when failure to act was the result of excusable neglect. The court under this rule may not extend the time for serving a motion for rehearing or to enlarge any period of time governed by the Florida Rules of Appellate Procedure.
(c) Service for hearings. A copy of any written petition or motion which may not be heard ex parte and a copy of the notice of the hearing thereon shall be served a reasonable time before the time specified for the hearing.
(d) Additional time after service by mail. Except for formal notice and notice of administration, when an interested person has the right or is required to act within a prescribed period after the service of notice or other paper on him and the notice or paper is served on him by mail, 5 days shall be added to the prescribed period.
Committee Notes
This rule is derived from Fla.R.Civ.P. 1.090.
Rule History
1984 Revision: New rule.
1988 Revision: Editorial changes in (a) and (b). Paragraph (a) enlarged to include closing of the clerk’s office as a legal holiday. In Diamond v. Tam-Bay Realty, 462 So.2d 1168, the Second District Court of Appeal suggested that Fla.R.Civ.P. 1.090(b) be clarified to leave no question that the court may not extend the time for rehearing, appeal, or petition for certiorari regardless of whether a request to enlarge the time therefor was made before the expiration of the time allowed. Because the format of Rule 5.042(b) was substantially the same as the format of Rule 1.090(b), paragraph (b) is amended to conform for the sake of clarity. Committee notes revised.
*509 Statutory References
F.S. 683.01 Legal holidays.
F.S. 731.111 Notice to creditors.
F.S. 731.301 Notice; method and time; proof.
F.S. 732.107 Escheat.
F.S. 732.212 Time of election.
F.S. 732.402 Exempt property.
F.S. 732.801(5) Disclaimer of interests in property passing by will or intestate succession or under certain powers of appointment.
F.S. 732.803 Charitable devises.
F.S. 732.901 Production of wills.
F.S. 733.104 Suspension of statutes of limitation in favor of the personal representative.
F.S. 733.212 Notice of administration; filing of objections and claims.
F.S. 733.508 Accounting upon removal.
F.S. 733.604 Inventory.
F.S. 733.701 Notifying creditors.
F.S. 733.702 Limitations on presentation of claims.
F.S. 733.705 Payment of and objection to claims.
F.S. 733.710 Limitations against unad-ministered estates.
F.S. 733.816 Disposition of unclaimed property held by personal representatives.
F.S. 744.427 Annual returns.
F.S. 744.431 Order requiring return; contempt.
Rule References
FPR 5.040(a)(1) Notice.
FPR 5.150 Order requiring accounting.
FPR 5.240 Notice of administration.
FPR 5.340(b) Inventory.
FPR 5.345(a) Interim accountings.
FPR 5.395 Notice of federal estate tax return.
FPR 5.400 Distribution and discharge.
FPR 5.700 Objections to annual account-ings.
Fla.R.Civ.P. 1.090 Time.
RULE 5.050. TRANSFER OF PROCEEDINGS
(a) Incorrect venue. When any proceeding is filed laying venue in the wrong county, the court may transfer the proceeding in the same manner as provided in the Florida Rules of Civil Procedure. Any action taken by the court or the parties before the transfer is not affected because of the improper venue.
(b) Domicile change, incompetent. When the domicile of an incompetent is changed to another county, the guardian of the person of the incompetent may have the venue of the guardianship changed to the county of the acquired domicile.
Committee Notes
Paragraph (b) of this rule represents a rule implementation of the procedure found in F.S. 744.202(2). The language added as new (b) is identical with the statute.
Rule History
1975 Revision: Same as F.S. 733.101(3).
1977 Revision: Title changed to indicate that the rule is one dealing with transfer.
1988 Revision: Prior rule renumbered as (a). New (b) is rule implementation of procedure in F.S. 744.202(2). Editorial changes. Committee notes expanded. Citation form changes in rule and committee notes.
Statutory References
F.S. 733.101 Venue of probate proceedings.
F.S. 744.202 Venue.
Rule References
FPR 5.200(b)(4) Petition for administration.
FPR 5.240(b)(2), (d) Notice of administration.
RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS
(a) Request. Any interested person who desires notice of proceedings in the estate of a decedent or ward may file a separate written request for notice of further proceedings, designating therein his residence and post office address. When such person changes his residence or post office *510 address, a new designation of such change shall be filed in the proceedings. A person filing such request, or address change, shall also deliver a copy thereof to the clerk, who shall forthwith mail it to the attorney for the personal representative or guardian, noting on the original the fact of mailing.
(b) Notice and copies. A party filing a request shall be served thereafter by the moving party with notice of further proceedings and with copies of subsequent pleadings and papers as long as the party is an interested person.
Committee Notes
Rule History
1975 Revision: This rule substantially incorporates the provisions of prior FPR 5.060 except that now a copy of the request shall be mailed by the clerk only to the attorney for the personal representative or guardian. Even though a request under this rule has not been made, informal notice as provided in FPR 5.040(b)(3) may still be required.
1977 Revision: Editorial and citation form change in committee note.
1980 Revision: Caveat, the personal representative may want to give notice to parties even though not required, for example, where an independent action has been filed on an objected claim.
1988 Revision: Captions added to paragraphs. Committee notes expanded. Citation form changes in committee notes.
Statutory Reference
F.S. 731.201 General definitions.
Rule References
FPR 5.040 Notice.
FPR 5.041 Service of pleadings and papers.
RULE 5.065. NOTICE OF CIVIL ACTION OR ANCILLARY ADMINISTRATION
(a) Civil action. A personal representative and a guardian shall file a notice when a civil action has been instituted by or against the personal representative or the guardian. The notice shall contain:
(1) the names of the parties;
(2) the style of the court and the case number;
(3) the county and state where the proceeding is pending;
(4) the date of commencement of the proceeding; and
(5) a brief statement of the nature of the proceeding.
(b) Ancillary administration. The domiciliary personal representative shall file a notice when an ancillary administration has commenced, which notice shall contain:
(1) the name and residence address of the ancillary personal representative;
(2) the nature and approximate value of the ancillary assets; and
(3) the information required in paragraphs (a)(2), (3), and (4) above.
(c) Copies exhibited. A copy of the initial pleading may be attached to the notice. To the extent an attached initial pleading states the required information, the notice need not restate it.
Committee Notes
This rule reflects a procedural requirement not founded on a statute or rule.
Rule History
1984 Revision: New rule.
1988 Revision: Committee notes expanded.
Statutory References
F.S. 733.612(20) Transactions authorized for the personal representative; exceptions.
F.S. 733.705(3) Payment of and objection to claims.
F.S. 744.441(11) Powers of guardian upon court approval.
RULE 5.070. SUBPOENA
The provisions of Fla.R.Civ.P. 1.410 shall apply in probate and guardianship proceedings.
Committee Notes
Rule History
1975 Revision: Same as prior FPR 5.070.
*511 1977 Revision: Citation form change in rule and committee note.
1988 Revision: Citation form change in committee notes.
RULE 5.080. DISCOVERY
(a) Application. The following Florida Rules of Civil Procedure shall apply in probate and guardianship proceedings:
(1) Rule 1.280, general provisions governing discovery;
(2) Rule 1.290, depositions before action or pending appeal;
(3) Rule 1.300, persons before whom depositions may be taken;
(4) Rule 1.310, depositions upon oral examination;
(5) Rule 1.320, depositions upon written questions;
(6) Rule 1.330, use of depositions in court proceedings;
(7) Rule 1.340, interrogatories to parties;
(8) Rule 1.350, production of documents and things and entry upon land for inspection and other purposes;
(9) Rule 1.351, production of documents and things without deposition;
(10) Rule 1.360, examination of persons;
(11) Rule 1.370, requests for admission;
(12) Rule 1.380, failure to make discovery; sanctions;
(13) Rule 1.390, depositions of expert witnesses; and
(14) Rule 1.400, publication of deposition.
(b) Limitations and costs. In order to conserve the assets of the estate, the court has broad discretion to limit the scope and the place and manner of the discovery and may assess the costs of the discovery to the party making it or to one or more of the beneficiaries of the estate or to the ward in such proportions as the court determines, considering, among other things, the benefit derived therefrom.
Committee Notes
Rule History
1975 Revision: This rule is the same as prior FPR 5.080, broadened to include guardianships and intended to clearly permit the use of discovery practices in nonad-versary probate and guardianship matters.
1977 Revision: Editorial change in citation form in committee note.
1984 Revision: Fla.R.Civ.P. 1.290, 1.300, 1.351, and 1.410 have been added.
1988 Revision: Subparagraph (a)(15) deleted as duplicative of FPR 5.070 Subpoena. Editorial change in (b). Citation form change in committee notes.
Rule References
FPR 5.025 Adversary proceedings.
Fla.R.Jud.Admin. 2.070 Court reporting. RULE 5.100. RIGHT OF APPEAL
All orders and judgments of the court determining rights of any party in any particular proceeding in the administration of the estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal, except those appeals which may be taken directly to the Supreme Court as provided by Section 3, Article V of the State Constitution. Appeals provided by this rule, including the right to superse-deas, shall be governed by the Florida Rules of Appellate Procedure.
Committee Notes
An order that determines rights of a party may be appealed before the administration of the estate is completed (e.g., determination of the validity of a will, or of the rights of a person to participate as an heir in an estate, is a final determination). The rule defines “final orders and judgments” of the probate court that ultimately determine rights of a party in the estate. This rule is substantially the same as former F.S. 732.15 (repealed 1974) except that by rearrangement of that statute the word “finally” has been defined.
Rule History
1975 Revision: Same as prior FPR 5.100 with editorial changes.
1977 Revision: Citation form change in committee note.
1988 Revision: Committee notes expanded. Citation form changes in rule and committee notes.
*512 RULE 5.110. RESIDENT AGENT
(a) Requirement and form. Before letters are issued to a personal representative or a guardian, the personal representative or guardian shall file a designation of his place of residence, post office address, and the name, place of residence, and post office address of a resident in the county where proceedings are pending, as his agent for the service of process or notice. The written acceptance of the person appointed shall be filed at the time of filing the designation. The designation by the personal representative or guardian and acceptance by resident agent shall constitute the consent of the personal representative or guardian filing it that service of process or notice on the designated agent shall be sufficient to bind the personal representative or guardian in any action against him, either in his representative capacity, or personally, if the personal action accrued in the administration of the estate or guardianship. The designation and acceptance may be incorporated in the petition for administration or for appointment of guardian if signed by the prospective personal representative or guardian, or in his oath.
(b) Corporate fiduciaries. Corporate fiduciaries are not required to designate a resident agent.
(c) Attorneys. A member of The Florida Bar residing in Florida, other than the personal representative, may be designated as the agent for service of process or notice, whether or not he is a resident of the county where the proceedings are pending.
(d) Successor. If the resident agent dies, resigns, or is unable to act for any other reason, the personal representative or guardian shall appoint a successor agent within 10 days after he has notice that such event has occurred.
Committee Notes
Rule History
1977 Revision: Change in committee note to conform to statutory renumbering.
Substantially the same as prior FPR 5.210, except that under prior rule, designation was required to be filed within 10 days after letters issued.
1984 Revision: Captions added to paragraphs. New paragraph (b) added. Requires filing acceptance at the same time as filing designation. Committee notes revised.
1988 Revision: Change in (c) to clarify that the personal representative, if a member of The Florida Bar, may not also serve as resident agent for service of process or notice. Citation form change in committee notes.
Statutory Reference
F.S. 733.401 Issuance of letters.
RULE 5.120. ADMINISTRATOR AD LI-TEM AND GUARDIAN AD LITEM
(a) Appointment. When it is necessary that the estate of a decedent or a ward be represented in any probate or guardianship proceeding and there is no personal representative of the estate or guardian of the ward, or the personal representative or guardian is or may be interested adversely to the estate or ward, or is enforcing his own debt or claim against the estate or ward, or the necessity arises otherwise, the court may appoint an administrator ad li-tem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding. At any point in a proceeding, a court may appoint a guardian ad litem to represent the interests of an incompetent person, an unborn or unascer-tained person, or a person whose identity or address is unknown, if the court determines that representation of the interest otherwise would be inadequate. If not precluded by conflict of interest, a guardian ad litem may be appointed to represent several persons or interests. The administrator ad litem or guardian ad litem shall file his oath to discharge his duties faithfully and upon the filing he shall be qualified to act. No process need be served upon him, but he shall appear and defend as directed by the court.
(b) Petition. The petition for appointment of a guardian ad litem shall state to the best of petitioner’s information and belief:
*513 (1) the name and residence address of each minor or incompetent and birth date of each minor who has an interest in the proceedings;
(2) the name and address of any guardian appointed for each minor or incompetent;
(3) the name and residence address of any living natural guardians or living natural guardian having legal custody of each minor or incompetent;
(4) a description of the interest in the proceedings of each minor or incompetent; and
(5) the facts showing the necessity for the appointment of a guardian ad litem.
(c) Notice. Within 10 days after appointment, the petitioner shall deliver or mail conformed copies of the petition for appointment of a guardian ad litem and order to any guardian, or if there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor or incompetent.
(d) Report. The guardian ad litem shall deliver or mail conformed copies of any written report or finding of his investigation and his answer filed in the proceedings, petition for compensation and discharge, and the notice of hearing on the petition to any guardian, or in the event that there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor or incompetent.
(e) Service of petition and order. Within 10 days after appointment, the petitioner for an administrator ad litem shall deliver or mail conformed copies of the petition for appointment and order to the attorney of record of each beneficiary and to each known beneficiary not represented by an attorney of record.
(f) Enforcement of judgments. When an administrator ad litem or guardian ad litem recovers any judgment or other relief, it shall be enforced as other judgments. Execution shall issue in favor of the administrator ad litem or guardian ad litem for the use of the estate or ward and the money collected shall be paid to the personal representative or guardian, or as otherwise ordered by the court.
(g)Claim of personal representative. The fact that the personal representative is seeking reimbursement for claims against the decedent paid by the personal representative does not require appointment of an administrator ad litem.
Committee Notes
Rule History
1977 Revision: Editorial change in (a) limiting application of rule to probate and guardianship proceedings. In (b) the petition for appointment of a guardian need not be verified. Deletion of (g) as being substantive rather than procedural and changing former (h) to new (g). Change in committee note to conform to statutory renumbering.
This rule implements F.S. 731.303(5), F.S. 733.308, and F.S. 744.391, and includes some of the provisions of prior FPR 5.230.
1988 Revision: Editorial changes; captions added to paragraphs. Citation form changes in committee notes.
RULE 5.122. CURATORS
(a) Appointment. When it is necessary, the court may appoint a curator to take possession of a decedent’s estate until letters of administration are granted. On appointment, the court shall issue letters of curatorship which shall entitle the curator to possession of the decedent’s property, which the court may enforce by contempt proceedings.
(b) Notice. If the person entitled to letters is a resident of the county where the proceeding is filed, no curator shall be appointed until formal notice is given to him. If it is likely that the decedent’s property will be wasted, destroyed, or removed beyond the jurisdiction of the court and if the appointment of a curator would be delayed by giving notice, the court may appoint a curator without notice.
(c) Powers. On order of the court, the curator may be authorized to perform any duty or function of a personal representative including publication of notice to credi *514 tors, or if a will has been admitted, notice of administration.
(d) Bond. Bond shall be required of the curator as the court deems necessary to secure the property. No bond shall be required of banks and trust companies as curators.
(e) Inventory and accounting. The curator shall file an inventory within 20 days. When the personal representative qualifies, the curator shall immediately account and deliver all assets of the estate in his possession to the personal representative within 20 days, and in default, shall be subject to the provisions of these rules relating to removal of personal representatives.
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 733.501. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure, except that paragraph (c) of this rule is specific regarding two acts which the curator may be authorized to perform with order of court. This specificity of example was not included in the statute, and the committee, by including this specification, did not intend to limit the authorized acts to those two specified in the rule.
Rule History
1988 Revision: New rule.
Statutory Reference
F.S. 733.501 Curators.
RULE 5.150. ORDER REQUIRING ACCOUNTING
(a)Accountings required by statute. When any personal representative or guardian fails to file an accounting or return required by statute or rule, the court on its own motion or on the petition of an interested person shall order the personal representative or guardian to file the accounting or return within 15 days from the service on him of the order, or show cause why he should not be compelled to do so.
(b) Accountings not required by statute. On the petition of an interested person, or on its own motion, the court may require the personal representative or guardian to file an accounting or return not otherwise required by statute or rule. The order requiring an accounting or return shall order the personal representative or guardian to file the accounting or return within a specified time from service on him of the order, or show cause why he should not be compelled to do so.
(c) Service. A copy of the order shall be served on the personal representative or guardian and his attorney.
Committee Notes
The court on its motion or on petition of an interested person may require a personal representative or guardian to file an accounting or return not otherwise required by statute.
Rule History
1977 Revision: Change in committee notes.
1984 Revision: Extensive editorial changes. Committee notes revised and expanded.
Statutory References
F.S. 38.22-38.23 Contempt.
F.S. 733.502 Resignation of personal representative.
F.S. 733.901 Distribution; final discharge.
F.S. 744.427 Annual returns.
F.S. 744.431 Order requiring return; contempt.
F.S. 744.467 Resignation of guardian.
F.S. 744.511 Accounting upon removal.
F.S. 744.517 Proceedings for commitment.
F.S. 744.521 Termination of guardianship.
F.S. 744.524 Termination of guardianship on change of domicile of resident ward.
F.S. 744.527 Final returns and applications for discharge; hearing.
RULE 5.160. PRODUCTION OF ASSETS
*515 On the petition of an interested person, or on its own motion, the court may require any personal representative or guardian to produce satisfactory evidence that the assets of the estate are in his possession or under his control and may order production of the assets in the manner and for the purposes directed by the court.
Committee Notes
Rule History
1977 Revision: Change in committee notes.
1984 Revision: Minor editorial changes. Committee notes revised.
1988 Revision: Editorial changes.
Statutory Reference
F.S. 744.434 Production of assets.
RULE 5.170. EVIDENCE
In proceedings under the Florida Probate Code and the Florida Guardianship Law the rules of evidence in civil actions are applicable unless specifically changed by the Florida Probate Code, the Florida Guardianship Law, or these rules.
Committee Notes
Rule History
1977 Revision: New rule.
1984 Revision: To further clarify the intent of the rule to incorporate the provisions of the Florida Evidence Code (chapter 90, F.S.) when not in conflict with the Florida Probate Code or Florida Guardianship Law, or rules applicable to these particular proceedings.
Statutory Reference
F.S. ch. 90 Florida Evidence Code.
RULE 5.171. EVIDENCE OF DEATH
In a proceeding under these rules, the following shall apply:
(1) Death certificate. An authenticated copy of a death certificate issued by an official or agency of the place where the death purportedly occurred or by an official or agency of the United States is prima facie proof of the fact, place, date, and time of death and the identity of the decedent.
(2) Other records. A copy of any record or report of a governmental agency, domestic or foreign, that a person is dead, alive, missing, detained, or, from the facts related, presumed dead is prima facie evidence of the status, dates, circumstances, and places disclosed by the record or report.
(3)Extended absence. A person who is absent from the place of his last known domicile for a continuous period of 5 years and whose absence is not satisfactorily explained after diligent search and inquiry is presumed dead. His death is presumed to have occurred at the end of the period unless there is evidence establishing that death occurred earlier.
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 731.103. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure, except that additional language has been added which was not in the statute, to permit issuance of a death certificate by an official or agency of the United States. An example would be such a certificate issued by the Department of State or the Department of Defense.
Rule History
1988 Revision: New rule.
Statutory Reference
F.S. 731.103 Evidence as to death or status.
Rule Reference
FPR 5.205 Filing evidence of death.
RULE 5.180. WAIVER AND CONSENT
An interested person, including a guardian ad litem, administrator ad litem, guardian of the property, or, if none, the natural guardian, personal representative, trustee, or other fiduciary, or a sole holder or all co-holders of a power of revocation or a power of appointment, may in writing
(1) waive the following:
(A) formal notice;
(B) informal notice;
(C) service including service of notice of administration;
*516 (D) disclosure of the amount of compensation either paid to or to be paid to the personal representatives, attorneys, accountants, appraisers, or other agents employed by the personal representative;
(E) disclosure of prior or proposed distribution of assets;
(P) any right or notice or the filing of any document, exhibit, or schedule required to be filed; and
(G) any other proceedings or matters permitted to be waived by law or by these rules; and
(2)waive or consent on behalf of himself and the persons he represents to the extent there is no conflict of interest.
Committee Notes
When the same person serves in two fiduciary capacities he may not waive or consent to his acts without the approval of those whom he represents. This rule represents a rule implementation of the procedure found in F.S. 731.302. The language added as new (l)(f) is identical with the statute.
Rule History
1977 Revision: Extends right of waiver to natural guardian; clarifies right to waive service of notice of administration.
1984 Revision: Extends waiver to disclosure of compensation and distribution of assets. Committee notes revised.
1988 Revision: Procedure from F.S. 731.-302 inserted as new (l)(f), and a new requirement that the waiver be in writing has been added. Editorial changes. Committee notes expanded. Citation form changes in committee notes.
Statutory References
F.S. 731.302 Waiver and consent by interested person.
F.S. 733.901 Distribution; final discharge.
F.S. 744.106 Notice and virtual representation.
F.S. 744.301 Natural guardians.
F.S. ch. 737 Trust administration.
Rule References
FPR 5.120 Administrator ad litem and guardian ad litem.
FPR 5.400 Distribution and discharge; notice.
FPR 5.680 Termination of guardianship upon removal of ward’s incapacity, death or exhaustion of assets.
FPR 5.690 Annual accountings.
PART II—PROBATE
RULE 5.190. DEFINITIONS (Deleted September 29, 1988; Effective January 1, 1989)
Committee Notes
Rule History
1988 Revision: The definitions of “authenticated,” “beneficiary,” “claims,” “clerk,” “code,” “court,” “curator,” “devise,” “devisee,” “distributee,” “domicile,” “estate,” “file,” “foreign personal representative,” “heirs,” “heirs-at-law,” “incompetent,” “interested person,” “letters,” “other state,” “personal representative,” “petition,” “property,” “residence,” “trustee,” and “will” contained in this rule and F.S. 731.201 are verbatim except that the definition of “authenticated” in F.S. 731.-201 contains an erroneous reference to § 1733, Title 28, U.S.C., which reference should be to § 1738, Title 28, U.S.C. The duplicated definitions are eliminated and most of the remaining definitions are transferred to FPR 5.015.
RULE 5.200. PETITION FOR ADMINISTRATION
The petition for administration shall be verified by the petitioner and shall contain:
(1) A statement of the interest of the petitioner, his name and address, and the name and office address of his attorney.
(2) The name, last known address, date and place of death of the decedent, and the state and county of the decedent’s domicile.
(3) So far as is known, the names and addresses of the beneficiaries and their relationship to the decedent and the date of birth of any who are minors.
(4) A statement showing venue.
*517 (5) The priority, under the Florida Probate Code, of the person whose appointment as the personal representative is sought and a statement that he is qualified to serve under the laws of Florida.
(6) If the decedent was a non-resident of this state, the petition shall state whether domiciliary or principal proceedings are pending in another state or country, if known, and the name and address of the foreign personal representative and the court issuing letters.
(7) A statement of the approximate value and nature of the assets so the clerk can ascertain the amount of the filing fee and the court can determine the amount of any bond.
(8) In an intestate estate, the petition shall state that after the exercise of reasonable diligence the petitioner is unaware of any unrevoked wills or codicils, or if the petitioner is aware of any unrevoked wills or codicils the petition shall state why the wills or codicils are not being probated, or otherwise give the facts concerning any such will or codicil.
(9) In a testate estate, the petition shall identify all unrevoked wills and codicils being presented for probate, and shall state that the petitioner is unaware of any other unrevoked will or codicil or, if the petitioner is aware of any other unrevoked wills or codicils, the petitioner shall state why the other wills or codicils are not being probated.
(10) In a testate estate the petition shall state that the original of the decedent’s last will is in the possession of the court or accompanies the petition, or that an authenticated copy of a will probated in another jurisdiction accompanies the petition.
Committee Notes
Rule History
1977 Revision: Addition to (b)(5) to require an affirmative statement that the person sought to be appointed as personal representative is qualified to serve. Committee note expanded to include additional statutory references.
Substantially the same as F.S. 733.202, and implementing F.S. 733.301 through 733.305.
1988 Revision: Editorial changes. Committee notes revised.
Statutory Reference
F.S. 733.202 Petition.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.201 Notice of petition for administration.
RULE 5.201. NOTICE OF PETITION FOR ADMINISTRATION
Except as may otherwise be required by these rules or the Florida Probate Code, no notice need be given of the petition for administration or the issuance of letters when it appears that the petitioner is entitled to preference of appointment. Before letters shall be issued to any person who is not entitled to preference, formal notice shall be served on all known persons qualified to act as personal representative and entitled to preference equal to or greater than the applicant, unless those entitled to preference waive it in writing.
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 733.-203(2). It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
Statutory Reference
F.S. 733.203(2) Notice; when required.
Rule Reference
FPR 5.200 Petition for administration.
RULE 5.205. FILING EVIDENCE OF DEATH
(a) Requirements for filing. A copy of an official record of the death of a decedent shall be filed by the personal representative, if any, or the petitioner in each of the *518 following proceedings and at the times specified:
(1) administration of decedent’s estate: not later than 3 months following the date of the first publication of the notice of administration;
(2) ancillary proceedings: not later than 3 months following the date of first publication of notice to creditors;
(3) family administration: at any time prior to entry of the order of family administration;
(4) summary administration: at any time prior to entry of the order of summary administration;
(5) disposition without administration: at the time of filing the application for disposition without administration;
(6) determination of beneficiaries: at any time prior to entry of the final judgment determining beneficiaries;
(7) determination of homestead: at any time prior to entry of the final judgment determining homestead status of real property; and
(8) probate of will without administration: at any time prior to entry of the order admitting will to probate.
(b) Waiver. On verified petition by the personal representative, if any, or the petitioner the court may enter an order dispensing with this rule, without notice or hearing.
(c) Authority to require filing. The court may, without notice or hearing, enter an order requiring the personal representative, if any, or the petitioner to file a copy of an official record of death at any time during the proceedings.
Committee Notes
Rule History
1980 Revision: This rule is intended to provide a uniform procedure for filing an official record of death in any judicial or statutory proceeding upon the death of a decedent. The court may, upon ex parte application, waive compliance with this rule or require filing at any stage in the proceedings.
1984 Revision: Captions and minor editorial changes. Committee notes revised.
1988 Revision: Editorial and substantive changes. Adds (a)(8) to require filing when will is admitted to probate without administration of the estate or an order disposing of property. Committee notes revised.
Statutory Reference
F.S. 731.103 Evidence as to death or status.
Rule References
FPR 5.042(a) Time.
FPR 5.171 Evidence of death.
RULE 5.210. PROBATE OF WILLS
(a) Manner. On petition the will of a decedent may be admitted to probate by:
(1) filing a self-proved will executed as required by law; or
(2) filing the will and the written oath of a person authorized by statute proving the execution of the will as required by law; or
(3) filing an authenticated copy of a notarial will, the, original of which is in the possession of a foreign notary if the will was valid under the laws of the state or country where the testator was at the time of execution; or
(4) filing an authenticated copy of the will of any person who dies a resident of Florida that has been admitted to probate in another state or country if the original could have been admitted to probate in Florida; or
(5) filing a will or a photographic copy of a will written in a foreign language to which is attached a true and complete English translation together with proof of will as required by law. In the order admitting the foreign language will to probate the court shall establish the correct English translation.
(b) Petition. The petition shall contain the name, last known address, date and place of death of the decedent, and the state, county, and, if applicable, foreign country of the decedent’s domicile.
(c) Oath. Any circuit judge or clerk in Florida may take the oath of a witness to a will in proof of the attestation of that wit *519 ness without issuance of a commission, attaching the original or photographic copy of the will to the oath of the witness.
Committee Notes
Rule History
1975 Revision: Proof of will may be taken by any Florida circuit judge or clerk without issuance of commission.
1984 Revision: This rule has been completely revised to set forth the procedure for proving all wills except lost or destroyed wills and the title changed. The rule requires an oath attesting to the statutory requirements for execution of wills and the will must be proved before an order can be entered admitting it to probate. Former FPR 5.280, 5.290, and 5.500 are included in this rule. Committee notes revised.
1988 Revision: Editorial and substantive changes. Change in (a)(3) to clarify which law determines validity of a notarial will; change in (a)(4) to clarify requirement that will of a Florida resident must comply with Florida law; adds new paragraph (b) to set forth required contents of petition for probate of will; moves former (b) to (c). Committee notes expanded; citation form change in committee notes.
Statutory References
F.S. 731.201 General definitions.
F.S. 732.502 Execution of wills.
F.S. 733.201 Proof of wills.
F.S. 733.204 Probate of will written in foreign language.
F.S. 733.205 Probate of notarial will.
F.S. 733.206 Probate of will of resident after foreign probate.
F.S. 733.502 Resignation of personal representative.
F.S. 733.503 Appointment of successor upon resignation.
F.S. 734.104 Foreign wills; admission to record; effect on title.
Rule Reference
FPR 5.015 General definitions.
RULE 5.230. COMMISSION TO PROVE WILL
(a) Petition. On petition the court may appoint a commissioner to take the oath of any person qualified to prove the will under Florida law. The petition shall set forth the date of the will and the place where it was executed, if known; the names of the witnesses and address of the witness whose oath is to be taken; and the name, title, and address of the proposed commissioner.
(b) Commission. The commission shall be directed to any person who is authorized to administer an oath by the laws of Florida, the United States of America, or the state or country where the witness may be found, and it shall empower the commissioner to take the oath of the witness to prove the will and shall direct the commissioner to certify the oath and file the executed commission, copy of the will, oath of the witness, and certificate of commissioner. An oath of the commissioner is not required.
(c) Mailing or delivery. The petitioner or his attorney shall cause the commission, together with a copy of the will, the oath, and the certificate of commissioner, to be mailed or delivered to the commissioner.
(d) Filing. The executed commission, copy of the will, oath of the witness, and certificate of commissioner shall be filed.
(e) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of personal representatives. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
Committee Notes
Rule History
1975 Revision: Substantially the same as prior FPR 5.130(a) and (b) and carries forward prior procedures as to a matter upon which Florida Probate Code is silent.
1984 Revision: This rule has been completely changed to set forth the procedure *520 for the issuance and return of a commission. The rule has been broadened to allow anyone authorized by Florida Statutes or by the U.S. Code to be a commissioner as well as those authorized by the state or country where the witness resides.
The rule now provides that the petitioner or his attorney shall forward the commission to the commissioner. The rule also contemplates that a Florida notary may be appointed as commissioner to take the proof of a witness outside the State of Florida. Committee notes revised and expanded.
1988 Revision: Editorial and substantive changes. Change in (a) to provide that the commissioner may take the oath of not only the attesting witness to the will but also the oath of any other person qualified to prove the will; change in (c) to permit copies other than photographic copies to be furnished to the commissioner, and to permit delivery of documents in a manner other than by mailing; change in (d) to require the filing of documents with the court. Committee notes revised. Citation form changes in rule and committee notes.
Statutory References
F.S. 733.109 Revocation of probate.
F.S. 733.201 Proof of wills.
F.S. 733.504 Causes of removal of personal representative.
F.S. 733.506 Proceedings for removal.
F.S. 92.50 Oaths, affidavits, and acknowledgments; who may take or administer; requirements.
22 U.S.C. § 1195 Notarial acts, oaths, affirmations, affidavits, and depositions; fees.
RULE 5.235. ISSUANCE OF LETTERS, BOND
(a)Appointment of personal representative. After the petition for administration is filed and the will, if any, is admitted to probate:
(1) The court shall appoint the person entitled and qualified to be personal representative.
(2) The court shall determine the amount of any bond required. The clerk may approve the bond in the amount determined by the court and shall not charge a service fee.
(3)Any required oath or designation of, and acceptance by, a resident agent shall be filed.
(b) Issuance of letters. Upon compliance with all of the foregoing, letters shall be issued to the personal representative.
(c) Bond. On petition by any interested person or on the court’s own motion, the court may waive the requirement of filing a bond, require a personal representative or curator to give bond, increase or decrease the bond, or require additional surety-
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 733.401 and 733.403(2). It is not intended to change the effect of the statutes from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
Statutory References
F.S. 733.401 Issuance of letters.
F.S. 733.402 Bond of personal representative; when required; form.
F.S. 733.403 Amount of bond.
RULE 5.240. NOTICE OF ADMINISTRATION
(a) Publication and service. After issuance of letters, the personal representative shall publish a notice of administration and promptly serve a copy of the notice in the manner provided for formal notice in these rules on the surviving spouse and all beneficiaries known to the personal representative who have not been barred by law. Within 2 months after first publication of notice of administration the personal representative shall serve a copy of the notice on all persons having claims or demands against the estate whose name and location or address are known to or reasonably as *521 certainable by the personal representative. No such notice need be served on a creditor who has filed a claim in the proceedings or whose claim has been included in a personal representative’s proof of claim filed in the proceedings, or on a creditor whose claim has been paid.
(b) Contents. The notice shall contain the name of the decedent, the file number of the estate, the designation and address of the court, the name and address of the personal representative and his attorney, and date of first publication. The notice shall require all interested persons to file with the court, within the time provided by law:
(1) all claims against the estate; and
(2) any objection by an interested person on whom notice was served that challenges the validity of the will, the qualifications of the personal representative, and the venue or jurisdiction of the court.
(c) Method of publication and proof. Publication shall be made as required by law. Proof of publication shall be filed with the court within 45 days of the first publication.
(d) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of a personal representative. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
(e) Statement regarding creditors. Within four months after the date of the first publication of notice of administration, the personal representative shall file a verified statement that he has made diligent search to ascertain the names and location or mailing addresses of persons having claims or demands against this estate. Such statement shall also contain the following information as to all such persons who have not filed a timely claim or who have not had their claim included in a personal representative’s proof of claim filed in the proceedings:
(1) the name and, if known, the address of such person;
(2) an indication whether such person has been served with a notice of administration or otherwise received actual notice of the proceedings.
Committee Notes
It is the committee’s opinion that the failure to timely file the proof of publication of the notice of administration shall not affect time limitations for filing claims or objections.
On April 19, 1988, the United States Supreme Court decided Tulsa Professional Collection Services, Inc. v. Pope, 108 S.Ct. 1340. This case will have substantial impact on the method for handling (and barring) creditors’ claims. This case stands for the proposition that a creditor may not be barred by the usual publication if that creditor was actually known to or reasonably ascertainable by the personal representative, and the PR failed to give notice to the creditor by mail or other means as certain to ensure actual notice. Less than actual notice in these circumstances would deprive the creditor of his due process rights under the 14th Amendment to the U.S. Constitution. Probably actual notice of the death (as in the case of a hospital where the decedent died as a patient) without notice of the institution of probate proceedings is not sufficient.
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested persons of the pendency of the proceeding and afford them an opportunity to present their claims.
The statement required by this rule is not intended to be jurisdictional but rather to provide evidence of satisfaction (or lack thereof) of the due process requirements.
Rule History
1977 Revision: Former paragraph (c) is deleted as being substantive rather than procedural.
*522 1984 Revision: Editorial changes; new requirement to file proof of publication; new requirements as to form of objections to will and qualifications of personal representative. Committee notes revised.
1988 Revision: The obligation to mail notice of administration to all known or reasonably ascertainable creditors has been added to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 108 S.Ct. 1340 (1988).
This rule does not require sending notice of administration to creditors in estates where the time for filing claims has expired before the effective date of this rule. However, no opinion is offered whether such claims are barred by the provisions of F.S. 733.702.
Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 731.111 Notice of creditors
F.S. 732.5165 Effect of fraud, duress, mistake, and undue influence.
F.S. 733.109 Revocation of probate.
F.S. 733.212 Notice of administration; filing of objections and claims.
F.S. 733.2123 Adjudication before issuance of letters.
F.S. 733.302 Who may be appointed personal representative.
F.S. 733.303 Persons not qualified.
F.S. 733.305 Trust companies and other corporations and associations.
F.S. 733.702 Limitations on presentation of claims.
F.S. 733.703 Form and manner of presenting claim.
F.S. 733.704 Amendment of claims.
F.S. 733.705 Payment of and objection to claims.
F.S. 733.708 Compromise.
Rule References
FPR 5.025 Adversary proceedings.
FPR 5.180 Waiver and consent.
FPR 5.270 Revocation of probate.
FPR 5.440 Proceedings for removal.
FPR 5.490 Form and manner of presenting claim.
FPR 5.495 Petition to extend time for filing claim.
FPR 5.520 Family administration.
RULE 5.260. CAVEAT; PROCEEDINGS
(a) Filing. Any creditor or interested person other than a creditor may file a caveat with the court.
(b) Contents. The caveat shall contain a statement of the interest of the caveator in the estate, the name and specific mailing address, and residence address of the cave-ator.
(c) Resident agent of caveator; service. If the caveator is not a resident of Florida, he shall file a designation of the name and specific mailing address and residence address of a resident in the county where the caveat is filed as his agent for service of notice. The written acceptance by the person appointed as resident agent shall be filed with the designation or included in the caveat. The designation and acceptance shall constitute the consent of the caveator that service of notice upon the designated resident agent shall bind the caveator. If the caveator is represented by an attorney admitted to practice in Florida who signs the caveat, it shall not be necessary to designate a resident agent under this rule.
(d) Filing after commencement. If at the time of the filing of any caveat the decedent’s will has been admitted to probate or letters of administration have been issued, the clerk shall forthwith notify the caveator in writing of the date of issuance of ietters and the names and addresses of the personal representative and his attorney.
(e) Creditor. When letters of administration issue after the filing of a caveat by a creditor, the clerk shall forthwith notify the caveator, in writing, advising him of the date of issuance of letters and the names and addresses of the personal representative and his attorney, unless notice has previously been served on the caveator. A copy of any notice given by the clerk, together with a certificate of the mailing of *523 the original notice, shall be filed in the estate proceedings.
(f) Other interested persons; before commencement. After the filing of a caveat by an interested person other than a creditor, the court shall not admit a will of the decedent to probate or appoint a personal representative without service of formal notice on the caveator or his designated agent.
Committee Notes
Caveat proceedings permit a decedent’s creditor or other interested person to be notified when letters of administration are issued. Thereafter, the caveator must take appropriate action to protect his interests.
This rule treats the creditor caveator differently from other caveators.
Rule History
1977 Revision: Carried forward prior FPR 5.150.
1984 Revision: Changes in (a), (b), and (d) are editorial. Change in (c) eliminates resident agent requirement for Florida residents and for nonresidents represented by a Florida attorney. Service on the attorney binds caveator. Former (e) is now paragraphs (e) and (f) and treats creditor cave-ator differently from other interested persons. Change in (*) requires formal notice. Committee notes revised.
1988 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 731.110 Caveat; proceedings.
F.S. 733.203(1) Notice; when required.
Rule Reference
FPR 5.040(a) Notice.
RULE 5.270. REVOCATION OF PROBATE
(a) Petition and contents. A petition for revocation of probate shall state the interest of the petitioner in the estate and the facts constituting the grounds on which revocation is demanded.
(b) Continued administration. Pending the determination of any issue for revocation of probate, the personal representative shall proceed with the administration of the estate as if no revocation proceeding had been commenced, except that no distribution may be made to devisees in contravention of the rights of those who, but for the will, would be entitled to the property disposed of.
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 733.-109(2). • It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure. The committee believes that sections (1) and (3) of the statute are substantive, and have therefore not been included. Further, this rule revises paragraph (b) of the prior similar rule to track the language in the statute from which it was derived.
Rule History
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Language of paragraph (b) of the rule rewritten to track the statute more closely. Committee notes expanded. Citation form change in committee notes.
Statutory References
F.S. 733.109 Revocation of probate.
F.S. 733.212 Notice of administration; filing of objections and claims.
F.S. 733.2123 Adjudication before issuance of letters.
Rule Reference
FPR 5.025 Adversary proceedings.
RULE 5.275. BURDEN OF PROOF IN WILL CONTESTS
In all proceedings contesting the validity of a will, the burden shall be upon the proponent of the will to establish prima facie its formal execution and attestation. Thereafter, the contestant shall have the burden of establishing the grounds on which the probate of the will is opposed or revocation sought.
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 733.107. *524 The language of this rule is identical with the statute.
Rule History
1988 Revision: New rule.
Statutory Reference
F.S. 733.107
RULE 5.310. DISQUALIFICATION OF PERSONAL REPRESENTATIVE; NOTIFICATION
Any personal representative who was improperly qualified or who becomes disqualified to act after his appointment shall immediately present a petition to the court for appropriate action and shall do any and all other things necessary or proper to procure an order approving his resignation.
Committee Notes
Rule History
1975 Revision: This is same as old FPR 5.220 and old F.S. 732.47(3). The rule sets forth the imperative need for timely action and the inherent responsibility of a fiduciary to effect orderly succession. It further implies the inherent jurisdiction of the court to control by judicial overview the succession.
1977 Revision: Citation form change in committee note.
1988 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 733.302 Who may be appointed personal representative.
F.S. 733.303 Persons not qualified.
F.S. 733.502 Resignation of personal representative.
F.S. 733.504 Causes of removal of personal representative.
F.S. 733.505 Jurisdiction in removal proceedings.
RULE 5.320. OATH OF PERSONAL REPRESENTATIVE
Before the granting of letters of administration, the personal representative shall file an oath that he will faithfully administer the estate of the decedent. If the petition is verified by the prospective personal representative individually, the oath may be incorporated in the petition or in the designation of resident agent.
Committee Notes
It is contemplated the oath may be signed concurrently with the petition for administration and will be valid even if it predates the order appointing the personal representative.
Rule History
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
This rule establishes the uniform requirement for an oath of faithful performance of fiduciary duties within the permissiveness of F.S. 733.401(l)(d). Should be taken together with new FPR 5.110, Resident Agent.
1988 Revision: Committee notes expanded. Citation form changes in committee notes.
OLD RULE: Same as old FPR 5.240 except reference to resident agent added.
Statutory Reference
F.S. 733.401(l)(d) sets forth: “(d) Any required oath or designation of and acceptance by a resident agent shall be filed.”
Rule Reference
FPR 5.110 Resident agent.
RULE 5.330. EXECUTION BY PERSONAL REPRESENTATIVE
Notwithstanding any other provisions of these rules, the personal representative shall sign the:
(1) inventory;
(2) accountings;
(3) petition for sale or confirmation of sale or encumbrance of real or personal property;
(4) petition to continue business of decedent;
(5) petition' to compromise or settle claim;
(6) petition to purchase on credit;
(7) petition for distribution and discharge; and
(8) resignation of personal representative.
*525 Committee Notes
Rule History
1975 Revision: Where the jurisdiction of the court is invoked voluntarily pursuant to F.S. 733.603, or otherwise, the rule requires that the personal representative have actual knowledge of the more important steps and acts of administration.
1977 Revision: Citation form change in committee note.
1988 Revision: Editorial changes. Citation form changes in committee notes.
OLD RULE: Same as old FPR 5.241.
Statutory References
As to:
(1) F.S. 733.604 (Inventory).
(2) F.S. 733.901 (Accounting).
(3) F.S. 733.613 (Sale or Confirmation).
(4) F.S. 733.612(22) (Business).
(5) F.S. 733.612(24) (Claims).
(6) F.S. 733.612(5) (Purchase on Credit).
(7) F.S. 733.612(24) (Distribution and Discharge).
(8) F.S. 733.502 (Resignation).
See also F.S. 733.609 (Breach of Duty). RULE 5.340. INVENTORY
(a) Contents and tiling. The personal representative shall file an inventory of the estate within 60 days after issuance of letters. The inventory shall list the estate with reasonable detail and include for each listed item its estimated fair market value at the date of the decedent’s death. Real property appearing to be homestead property shall be listed and so designated.
(b) Extension. On petition the time for filing the inventory may be extended by the court for cause shown without notice, except that the personal representative shall serve copies of the petition and order on the persons described in paragraph (d).
(c) Amendments. A supplementary or amended inventory containing the information required by paragraph (a) as to each affected item shall be filed and served by the personal representative if:
(1) the personal representative learns of property not included in the original inventory; or
(2) the personal representative learns that the estimated value or description indicated in the original inventory for any item is erroneous or misleading; or
(3) the personal representative determines the estimated fair market value of an item whose value was described as unknown in the original inventory.
(d) Service. The personal representative shall serve a copy of the inventory and all supplemental and amended inventories on the Department of Revenue, the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing.
(e) Information. On reasonable request in writing the personal representative shall provide an interested person with information about the estate and shall permit an interested person to examine appraisals on which inventory values are based.
Committee Notes
Inventories are still required to be filed. Once filed, however, they are subject to the confidentiality provisions found in F.S. 733.604(1) and (2).
Constitutional homestead real property is not necessarily a probatable asset. Disclosure on the inventory of real property appearing to be constitutional homestead property informs interested persons of the homestead issue.
Interested persons are entitled to reasonable information about estate proceedings on proper request, including a copy of the inventory, an opportunity to examine appraisals, and other information pertinent to their interests in the estate. The personal representative must also serve a copy of the inventory on the Florida Department of Revenue. F.S. 199.062(4).
Rule History
1980 Revision: Eliminated the time limit in requesting a copy of the inventory by an interested person or in furnishing it by the personal representative.
*526 1984 (First) Revision: Extensive changes. Committee notes revised.
1984 (Second) Revision: Paragraph (a) modified to clarify or re-insert continued filing requirement for inventory.
1988 Revision: Editorial changes in (b) and (d). Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 199.062(4) Annual tax information reports.
F.S. 732.401 Descent of homestead.
F.S. 732.4015 Devise of homestead.
F.S. 733.604 Inventory.
F.S. 733.605 Appraisers.
Art. X, § 4, Fla. Const.
Rule References
FPR 5.041 Service of pleadings and papers.
FPR 5.060 Request for notices and copies of pleadings.
FPR 5.405 Proceedings to determine homestead real property.
FPR 5.620 Inventory; appraisals.
RULE 5.345. INTERIM ACCOUNTINGS
(a) Contents. The personal representative may elect to file an interim accounting at any time, or the court may require an interim accounting. The interim accounting shall include all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration and shall also include a schedule of the assets at the end of the accounting period. The accounting period may be a fiscal year or any other period selected by the personal representative.
(b) Notice of filing. Notice of filing and a copy of the interim accounting shall be served on interested persons. The notice shall state that objections to the accounting must be filed within 30 days from the date of service of notice.
(c) Objection. Any interested person may file an objection to the interim accounting within 30 days from the date of service of notice on him. An objection shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds upon which the objection is based.
(d) Service of objections. The objecting party shall serve a copy of the objection on the personal representative and other interested persons.
(e) Approval. The interim accounting shall be deemed approved 30 days from the date of service of the interim accounting on interested persons, unless an objection is filed as provided in the rules.
(f) Substantiating papers. On reasonable request in writing, the personal representative shall permit an interested person to examine papers substantiating items in an interim accounting.
Committee Notes
The personal representative is required to file a final accounting when administration is complete, unless filing is waived by interested persons. Additionally, a personal representative may elect, but is not required, to file interim accountings at any time. The filing, notice, objection, and approval procedure is similar to that for final accounts.
Rule History
1977 Revision: Change in (a) to authorize selection of fiscal year.
1980 Revision: Change in (d) of prior rule to require the notice to state that the basis for an objection is necessary. Change in (e) of prior rule to require any person filing an objection to set forth the basis of such objection.
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Citation form change in committee notes.
Statutory Reference
F.S. 733.901 Distribution; final discharge.
Rule References
FPR 5.346 Fiduciary accounting.
FPR 5.400 Distribution and discharge; notice.
FPR 5.610 Execution by guardian.
*527 RULE 5.346. FIDUCIARY ACCOUNTING
(a) Contents. An accounting shall include all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration.
(b) Accounting standards. The following standards are suggested but not mandatory:
(1) Accounts should be stated in a manner that is understandable to persons who are not familiar with practices and terminology peculiar to the administration of estates and trusts.
(2) A fiduciary account shall begin with a concise summary of its purpose and content.
(3) A fiduciary account shall contain sufficient information to put interested persons on notice as to all significant transactions affecting administration during the accounting period.
(4) A fiduciary account shall contain two values, the asset acquisition value or carrying value, and estimated current value.
(5) Gains and losses incurred during the accounting period shall be shown separately in the same schedule.
(6) The account shall show significant transactions that do not affect the amount for which the fiduciary is accountable.
(c) Forms. Model form accounts are attached to this rule as Appendix A.
Committee Notes
This is a new rule. It substantially adopts the Uniform Fiduciary Accounting Principles and Model formats adopted by the Committee on National Fiduciary Accounting Standards of the American Bar Association: Section of Real Property, Probate and Trust Law, the American College of Probate Counsel, the American Bankers Association: Trust Division, and other organizations. It is not intended that either the standards of (b) of this rule or the format of the model accounts appearing in Appendix A to this note are required by this rule (they may be required by the Court). This rule in its present form simply provides that the foregoing standards and model accounts shall be promulgated as one sufficient form for fiduciary accounting. It is the intention of the committee to recommend that these rules, when next amended to become effective January 1, 1993, will require compliance with the standards and model account formats as they may be revised in the interim after comments from members of the Bar.
Attached as Appendix B to this note is explanation and commentary for each of the foregoing standards, which commentary shall be considered as a Committee Note to this rule.
Rule History
1988 Revision: New rule.
Statutory References
F.S. 733.502 Resignation of personal representative.
F.S. 733.508 Accounting upon removal.
Rule References
FPR 5.345 Interim accountings.
FPR 5.400 Distribution and discharge.
*528 APPENDIX A
IN THE CIRCUIT COURT FOR _COUNTY, FLORIDA PROBATE DIVISION
IN RE ESTATE OF File Number_
Division_
Deceased
_ACCOUNTING OF PERSONAL REPRESENTATIVE FOR THE PERIOD COMMENCING _ THROUGH _
SUMMARY
I.Starting Balance
Assets per Inventory or Assets on Hand at Close of Last Accounting Period $.
II.Receipts
Schedule A—Income $_
Principal $_ $.
Sub Total $.
III. Disbursements and Distributions
Schedule B—Income $_
Principal $_ $.
Sub Total $.
IV. Capital Transactions and Adjustments
Schedule C—Net Gain or (Loss) $.
V.Assets on Hand at Close of Accounting Period
Schedule D—Cash and other Assets $.
Under penalties of perjury, I declare that I have read and examined this accounting and that the facts and figures set forth in the above Summary and the attached Schedules are true, to the best of my knowledge and belief, and that it is a complete report of all cash and property transactions and of all receipts and disbursements by me as personal representative of the estate of _, deceased, from -, 19—, through _, 19_ Executed this_day of_, 19_
Attorney for Personal Representative _ Florida Bar No. _ _ Personal Representative (address) Telephone: _ Refer to Florida Probate Code, F.S. 733.901(1) and to F.R.P. & G. 5.333(a)(2); 5.345; and 5.400
*529 Also see Accountings, Chapter 12 of Basic Practice Under Florida Probate Code, Second Edition 1981.
Entries on Summary are to be taken from totals on Schedules A, B, C and D.
The Summary and Schedules A, B, C and D are to constitute the full accounting. Every transaction occurring during the accounting period should be reflected on the Schedules.
All purchases and sales, all adjustments to the inventory or carrying value of any asset, and any other changes in the assets (such as stock splits) should be described on Schedule C.
The last entry on the Summary is to reflect the total inventory or adjusted carrying value of all assets on hand at the close of the accounting period.
ACCOUNTING OF PERSONAL REPRESENTATIVE ESTATE OF_ FOR THE PERIOD COMMENCING THROUGH
SCHEDULE-A Receipts During Period
(Does not include receipts from sale or other dispositions of principal assets. Such transactions are shown on Schedule C)
[[Image here]]
Schedule A should reflect only items received during administration that are not shown on the inventory. Classification of items as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving the sale of assets or other adjustments to the carrying value of assets are to be shown on Schedule C, and not on Schedule A.
*530 [[Image here]]
Schedule B should reflect only those items paid out or distributed during administration. Assets distributed should be shown at their inventory or adjusted carrying values. Classification of disbursements as expense or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving the purchase of assets or adjustments to the carrying values of assets are to be shown on Schedule C, and not on Schedule B.
*531 [[Image here]]
*532 Schedule C should reflect all purchases and sales of assets and any adjustments to the carrying values of any assets.
Entries reflecting sales should show the inventory or adjusted carrying value, the costs and expenses of the sale, and the net proceeds received. The net gain or loss should be extended in the appropriate column on the right side of Schedule C.
Entries reflecting purchases should reflect the purchase price, any expenses of purchase or other adjustments to the purchase price, and the total amount paid. Presumably no gain or loss would be shown for purchases.
Entries reflecting adjustments in capital assets should explain the change (such as a stock split) and the net gain or loss should be shown in the appropriate column on the right side of Schedule C.
ACCOUNTING OF PERSONAL REPRESENTATIVE ESTATE OF_ FOR THE PERIOD COMMENCING THROUGH
SCHEDULE—D Assets on Hand at Close of Accounting Period (Indicate where held and legal description, certificate numbers or other identification)
[[Image here]]
*533 Schedule D should be a complete list of all assets on hand reflecting inventory values for each item adjusted in accord with any appropriate entries on Schedule C.
Current market values for any assets that are known to be different from the inventors or carrying values as of the close of the accounting period should be shown in the column marked “Current Value.” The total inventory or adjusted carrying value (not Current Value) is to be shown as Item V on Summary.
APPENDIX B
UNIFORM FIDUCIARY ACCOUNTING PRINCIPLES
I. ACCOUNTS SHOULD BE STATED IN A MANNER THAT IS UNDERSTANDABLE BY PERSONS WHO ARE NOT FAMILIAR WITH PRACTICES AND TERMINOLOGY PECULIAR TO THE ADMINISTRATION OF ESTATES AND TRUSTS.
Commentary: In order for an account to fulfill its basic function of communication, it is essential that it be stated in a manner that recognizes that the interested parties are not usually familiar with fiduciary accounts. It is neither practical nor desirable to require that accounts be tailored to meet individual disabilities of particular parties but any account should be capable of being understood by a person of average intelligence, literate in English, and familiar with basic financial terms who has read it with care and attention.
Problems arising from terminology or style are usually a reflection of the fact that people who become versed in a particular form of practice tend to forget that terms which are familiar and useful to them may convey nothing to someone else or may even be affirmatively misleading. For example, the terms “debit” and “credit” are generally incomprehensible to people with no knowledge of bookkeeping and many people who are familiar with them in other contexts would assume that in the context of fiduciary accounting, the receipt of an item is a “credit” to the fund rather than a “debit” to the fiduciary.
While the need for concise presentation makes a certain amount of abbreviation both acceptable and necessary, uncommon abbreviation of matters essential to an understanding of the account should be avoided or explained.
No position is taken for or against the use of direct print-outs from machine accounting systems. The quality of the accounts produced by these systems varies widely in the extent to which they can be understood by persons who are not familiar with them. To endorse or object to a direct print-out because it is produced by machine from previously stored data would miss the essential point by focusing attention upon the manner of preparation rather than the product.
II. A FIDUCIARY ACCOUNT SHALL BEGIN WITH A CONCISE SUMMARY OF ITS PURPOSE AND CONTENT.
Commentary: Very few people can be expected to pay much attention to a document unless they have some understanding of its general purpose and its significance to them. Even with such an understanding, impressions derived from the first page or two will often determine whether the rest is read. The use that is made of these pages is therefore of particular significance.
The cover page should disclose the nature and function of the account. While a *534 complete explanation of the significance of the account and the effect of its presentation upon the rights of the parties is obviously impractical for inclusion at this point, there should be at least a brief statement identifying the fiduciary and the subject matter, noting the importance of examining the account and giving an address where more information can be obtained.
It is assumed that the parties would also have enough information from other sources to understand the nature of their relationship to the fund {e.g., residuary legatee, life tenant, remainderman), the function of the account, and the obligation of the fiduciary to supply further relevant information upon request. It is also assumed that notice will be given of any significant procedural considerations such as limitation on the time within which objections must be presented. This would normally be provided by prior or contemporaneous memoranda, correspondence or discussions.
A summary of the account shall also be presented at the outset. This summary, organized as a table of contents, shall indicate the order of the details presented in the account and shall show separate totals for the aggregate of the assets on hand at the beginning of the accounting period; transactions during the period; and the assets remaining on hand at the end of the period. Each entry in the summary shall be supported by a schedule in the account that provides the details on which the summary is based.
III. A FIDUCIARY ACCOUNT SHALL CONTAIN SUFFICIENT INFORMATION TO PUT THE INTERESTED PARTIES ON NOTICE AS TO ALL SIGNIFICANT TRANSACTIONS AFFECTING ADMINISTRATION DURING THE ACCOUNTING PERIOD.
Commentary: The presentation of the information account shall allow an interested party to follow the progress of the fiduciary’s administration of assets during the accounting period.
An account is not complete if it does not itemize, or make reference to, assets on hand at the beginning of the accounting period.
Illustration:
3.1 The first account for a decedent’s estate or a trust may detail the items received by the fiduciary and for which the fiduciary is responsible. It may refer to the total amount of an inventory filed elsewhere or assets described in a schedule attached to a trust agreement.
Instead of retyping the complete list of assets in the opening balance, the preparer may prefer to attach as an exhibit a copy of the inventory, closing balance from the last account, etc., as appropriate, or may refer to them if previously provided to the interested parties who will receive it.
Transactions shall be described in sufficient detail to give interested parties notice of their purpose and effect. It should be recognized that too much detail may be counterproductive to making the account understandable. In accounts covering long periods or dealing with extensive assets, it is usually desirable to consolidate information. For instance, where income from a number of securities is being accounted for over a long period of time, a statement of the total dividends received on each security with appropriate indication of changes in the number of shares held will be more readily understandable and easier to check for completeness than a chronological listing of all dividends received.
Although detail should generally be avoided for routine transactions, it will often be necessary to proper understanding of an event that is somewhat out of the ordinary.
Illustrations:
3.2 Extraordinary appraisal costs should be shown separately and explained.
3.3 Interest and penalties in connection with late filing of tax returns should be shown separately and explained.
3.4 An extraordinary allocation between principal and income such as apportionment of proceeds of property acquired on foreclosure should be separately stated and explained.
*535 3.5 Computation of a formula marital deduction gift involving non-probate assets should be explained.
IV. A FIDUCIARY ACCOUNT SHALL CONTAIN TWO VALUES, THE ASSET ACQUISITION VALUE OR CARRYING VALUE, AND CURRENT VALUE.
Commentary: In order for transactions to be reported on a consistent basis, an appropriate carrying value for assets must be chosen and employed consistently.
The carrying value of an asset should reflect its value at the time it is acquired by the fiduciary (or a predecessor fiduciary). When such a value is not precisely determinable, the figure used should reflect a thoughtful decision by the fiduciary. For assets owned by a decedent, inventory values or estate tax values—generally reflective of date of death—would be appropriate. Assets received in kind by a trustee from a settlor of an intervivos trust should be carried at their value at the time of receipt. For assets purchased during the administration of the fund, cost would normally be used. Use of Federal income tax basis for carrying value is acceptable when basis is reasonably representative of real values at the time of acquisition. Use of tax basis as a carrying value under other circumstances could be affirmatively misleading to beneficiaries and therefore is not appropriate.
In the Model Account, carrying value is referred to as “fiduciary acquisition value.” The Model Account establishes the initial carrying value of assets as their value at date of death for inventoried assets, date of receipt for subsequent receipts and cost for investments.
Carrying value would not normally be adjusted for depreciation.
Except for adjustments that occur normally under the accounting system in use, carrying values should generally be continued unchanged through successive accounts and assets should not be arbitrarily “written up” or “written down.” In some circumstances, however, with proper disclosure and explanation, carrying value may be adjusted.
Illustrations:
4.1 Carrying values based on date of death may be adjusted to reflect changes on audit of estate or inheritance tax returns.
4.2 Where appropriate under applicable local law, a successor fiduciary may adjust the carrying value of assets to reflect values at the start of his administration.
4.3 Assets received in kind in satisfaction of a pecuniary legacy should be carried at the value used for purposes of distribution.
Though essential for accounting purposes, carrying values are commonly misunderstood by laymen as being a representation of actual values. To avoid this, the account should include both current values and carrying values.
The value of assets at the beginning and ending of each accounting period is necessary information for the evaluation of investment performance. Therefore, the account should show, or make reference to, current values at the start of the period for all assets whose carrying values were established in a prior accounting period. >
Illustrations:
4.4 The opening balance of the first account of a testamentary trustee will usually contain assets received in kind from the executor. Unless the carrying value was written up at the time of distribution (e.g., 4.2 or 4.3 supra) these assets will be carried at a value established during the executor’s administration. The current value at the beginning of the accounting period should also be shown.
4.5 An executor’s first account will normally carry assets at inventory (date of death) values or costs. No separate listing of current values at the beginning of the accounting period is necessary.
Current values should also be shown for all assets on hand at the close of the accounting period. The date on which current values are determined shall be stated and shall be the last day of the accounting period, or a date as close thereto as reasonably possible.
*536 Current values should be shown in a column parallel to the column of carrying values. Both columns should be totalled.
In determining current values for assets for which there is no readily ascertainable current value, the source of the value stated in the account shall be explained. The fiduciary shall make a good faith effort to determine realistic values but should not be expected to incur expenses for appraisals or similar costs when there is no reason to expect that the resulting information will be of practical consequence to the administration of the estate or the protection of the interests of the parties.
' Illustrations:
4.6 When an asset is held under circumstances that make it clear that it will not be sold (e.g., a residence held for use of a beneficiary) the fiduciary’s estimate of value would be acceptable in lieu of an appraisal.
4.7 Considerations such as a pending tax audit or offer of the property for sale may indicate the advisability of not publishing the fiduciary’s best estimate of value. In such circumstances, a statement that value was fixed by some method such as “per company books,” “formula under buy-sell agreement,” or “300% of assessed value” would be acceptable, but the fiduciary would be expected to provide further information to interested parties upon request.
V. GAINS AND LOSSES INCURRED DURING THE ACCOUNTING PERIOD SHALL BE SHOWN SEPARATELY IN THE SAME SCHEDULE.
Commentary: Each transaction involving the sale or other disposition of securities during the accounting period shall be shown as a separate item in one combined schedule of the account indicating the transaction, date, explanation, and any gain or loss.
Although gains and losses from the sale of securities can be shown separately in accounts, the preferred method of presentation is to present this information in a single schedule. Such a presentation provides the most meaningful description of investment performance and will tend to clarify relationships between gains and losses that are deliberately realized at the same time.
VI. THE ACCOUNT SHALL SHOW SIGNIFICANT TRANSACTIONS THAT DO NOT AFFECT THE AMOUNT FOR WHICH THE FIDUCIARY IS ACCOUNTABLE.
Commentary: Transactions such as the purchase of an investment, receipt of a stock split or change of a corporate name do not alter the total fund for which a fiduciary is accountable but must be shown in order to permit analysis and an understanding of the administration of the fund. These can be best shown in information schedules.
One schedule should list all investments made during the accounting period. It should include those subsequently sold as well as those still on hand. Frequently the same money will be used for a series of investments. Therefore, the schedule should not be totalled in order to avoid giving an exaggerated idea of the size of the fund.
A second schedule (entitled “Changes in Investment Holdings” in the Model Account) should show all transactions affecting a particular security holding, such as purchase of additional shares, partial sales, stock splits, change of corporate name, divestment distributions, etc. -This schedule, similar to a ledger account for each holding, will reconcile opening and closing entries for particular holdings, explain changes in carrying value and avoid extensive searches through the account for information scattered among other schedules.
RULE 5.350. CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE
(a) Separate accounts and reports. In the conduct of an unincorporated business or venture, the personal representative shall keep separate, full, and accurate accounts of all receipts and expenditures and make reports as the court may require.
(b) Petition. If the personal representative determines it to be in the best interest *537 of the estate to continue an unincorporated business or venture beyond the time authorized by statute or will, the personal representative shall file a verified petition which shall include:
(1) a statement of the nature of that business or venture;
(2) a schedule of specific assets and liabilities;
(3) the reasons for continuation;
(4) the proposed form and times of accounting for that business or venture;
(5) the period for which the continuation is requested; and
(6) any other information pertinent to the petition.
(c) Order. If the continuation is authorized, the order shall state:
(1) the period for which that business or venture is to continue;
(2) the particular powers of the personal representative in the continuation of that business or venture; and
(3) the form and frequency of account by that business or venture.
(d) Petition by Interested person. Any interested person, at any time, may petition the court for an order regarding the operation of, accounting for, or termination of an unincorporated business or venture, and the court shall enter an order thereon.
Committee Notes
Rule History
1975 Revision: New rule F.S. 733.612.
1984 Revision: Extensive changes in rule and title. Clarifies procedural steps to be taken by a personal representative who determines it to be in the best interest of an estate to continue any unincorporated business beyond the time authorized by statute. Information required to be filed in a verified petition is specified, and normal information to be included in a court order is listed. Other pertinent information under (b)(6) may include provisions for insurance of business or venture, proposed professionals to be used in connection with such activities, how the business or venture shall be managed, the person or persons proposed for managerial positions, a list of all other employees, agents, or independent contractors employed by or affiliated with the business or venture, and proposed compensation for all such management personnel, agents, employees, and independent contractors. Committee notes revised and expanded.
1988 Revision: Editorial change in caption of (b). Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 733.612(22) Transactions authorized for the personal representative; exceptions.
F.S. 744.441(13) Powers of guardian upon court approval.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.040 Notice.
RULE 5.355. PROCEEDINGS FOR REVIEW OF EMPLOYMENT OF AGENTS AND COMPENSATION OF PERSONAL REPRESENTATIVES AND ESTATE EMPLOYEES
After notice to all interested persons and upon petition of an interested person bearing all or a part of the impact of the payment of compensation to the personal representative or any person employed by him, the propriety of the employment and the reasonableness of the compensation or payment may be reviewed by the court. The petition shall state the grounds on which it is based. The burden of proving the propriety of the employment and the reasonableness of the compensation shall be upon the personal representative and the person employed by him. Any person who is determined to have received excessive compensation from an estate may be ordered to make appropriate refunds.
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 733.-6175. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It *538 is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
Statutory Reference
F.S. 733.6175 Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
RULE 5.360. ELECTIVE SHARE AND PRE-EXISTING DOWER
(a) Optional procedure.
(1) Notice of election. Upon the filing of an election to take elective share, at the option of the surviving spouse, a copy of the election to take elective share, together with a notice of election, may be served on interested persons in the manner provided for service of formal notice. The notice of election shall indicate the name and the address of the attorney for the surviving spouse and of the attorney for the personal representative, and shall include a notice that objections to the election must be filed within 20 days from the receipt of the copy of the notice or be thereafter barred.
(2) Objection to election. Any interested person may file an objection to the election which shall state with particularity the grounds on which the objection is based. No objection shall be filed later than 20 days after receipt of the copy of the notice of election, unless the time is extended. The objecting party shall serve a copy of the objection on the attorney for the surviving spouse and on the attorney for the personal representative. If an objection is served, the personal representative shall promptly serve a notice of election and copy of the election and the objection as provided in paragraph (1), on all interested persons who have not previously been served. The proceedings shall thereafter be adversary.
(3) Determination of entitlement. If an objection is filed, the court shall first determine the surviving spouse’s entitlement to the elective share.
(b) Procedure to determine elective share.
(1) Petition by personal representative. If the surviving spouse files an election for elective share, the personal representative shall file a petition to determine the amount of the elective share stating the proposed time and manner of distribution in satisfaction of the elective share.
(2) Petition by spouse. If the personal representative does not file the petition to determine the amount of the elective share, the electing spouse may file the petition specifying as particularly as is known the value of the elective share.
(3) Order determining elective share. The order shall state the amount of the elective share and the time and manner of distribution.
(c) Time of payment. No distribution shall be required until six months from the date of death, when no federal estate tax return is required to be filed, or until the tax return is timely filed, when required. The order may provide for partial distributions.
(d) Suspension of payment. On petition of any interested person after notice, the court may suspend distribution of the elective share or any part of it until final settlement of the federal estate tax liability of the estate.
(e) Petition for dower. The widow may also file an extraordinary petition for assignment of dower in the court of each county or counties where lands lie which her husband had conveyed in which she had not relinquished her right of dower prior to October 1, 1973. Formal notice shall be served on persons adversely affected. The proceedings shall be as similar as possible to those formerly existing for the ordinary assignment of dower.
Committee Notes
The surviving spouse may optionally serve a notice of election, together with a copy of the election. This procedure bifurcates the issue of entitlement from any issue of determination of amount, timing of payment, or funding procedures. It is intended to allow the surviving spouse and other interested parties to make an early determination of whether any issue exists *539 as to entitlement. If the surviving spouse does not follow this elective procedure or serves less than all interested persons, any person not served may object to entitlement at any time before entry of the order determining elective share. As to any person so served, failure timely to object would waive any such objection unless the time was extended for good cause shown. Good cause for extending the time after its expiration might include the, inability to discover the basis for such objection through the exercise of reasonable diligence during the time provided.
If the optional procedure of paragraph (a) is utilized, the procedural provisions in paragraph (b) still apply, although the proceeding is adversary if any objection is filed.
If the optional procedure is not utilized, the matters of entitlement and determination may, nevertheless, be bifurcated by the court.
It is intended that the role of the personal representative in this procedure would be as a neutral. Since he is a fiduciary owing duties to all interested persons, it is not appropriate that he should take a position for or against the award of the elective share and expend estate funds in that regard. See Barnett v. Barnett, 340 So.2d 548 (Fla. 1st DCA 1976); In re Estate of Lynagh, 177 So.2d 256 (Fla. 2d DCA 1965). However, the personal representative is not prohibited from advancing a position regarding the timing of payment or the assets to be used to satisfy the elective share or other such issue relating directly to the administration of the estate and is not intended to favor one beneficiary over another or over the surviving spouse. A personal representative as a fiduciary has a duty of full disclosure to all interested persons and the court, for instance regarding knowledge of the existence of a marital agreement or other relevant facts. The committee offers no opinion on whether a personal representative may have a duty to oppose the entitlement to the elective share based on the existence of an apparently valid marital agreement.
The case of Menz v. Estate of Menz, 381 So.2d 375 (Fla. 1st DCA 1980), provides for attorney’s fees to be awarded to surviving spouse if the personal representative fails to file a petition to determine the amount of the elective share. If the optional procedure in paragraph (a) is utilized, the filing of the petition to determine elective share may be delayed until final determination of entitlement.
Paragraphs (c) and (d) of this rule represent a rule implementation of the procedure found in F.S. 732.214. ' It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1984 Revision: Extensive changes. Clarifies information to be included in a petition for elective share filed by a personal representative and specifies information to be included in an order determining elective share. Committee notes revised and expanded.
1988 Revision: Extensive changes. A new procedure has been added providing for optional service of a notice of election together with a copy of the election and a procedure to expose objections to and determine right to entitlement, separate from the pre-existing procedure of determination of amount and setting aside. Paragraphs (c) and (d) represent rule implementation of procedure in statute. Committee notes revised and expanded. Citation form changes in committee notes.
Statutory Reference
F.S. 732.201-732.215 Elective share of surviving spouse.
Rule References
FPR 5.025 Adversary proceedings.
FPR 5.040 Notice.
RULE 5.370. SALES OF REAL PROPERTY WHERE NO POWER CONFERRED
(a) Petition. When authorization or confirmation of the sale of real property is *540 required, application shall be made by verified petition of the personal representative setting forth the reasons for the sale, a description of the real property sold or proposed to be sold, and the price and terms of the sale.
(b) Order. If the sale is authorized or confirmed, the order shall describe the real property and, if the property is authorized to be sold at private sale, shall fix the price and the terms of the sale. An order authorizing a sale may provide for the public or private sale of the real property described therein, in parcels or as a whole. If public sale is ordered, the personal representative shall give such notice as the order requires.
Committee Notes
Petitions under the rule are governed by F.S. 733.610, under which sales are voidable by interested persons if there was a conflict of interest without full disclosure and consent, unless the will or contract entered into by the decedent authorized the transaction or it was approved by the court after notice to all interested persons, and by F.S. 733.609, involving bad faith actions by the personal representative. Note provisions for attorneys’ fees.
Rule History
1984 Revision: Extensive changes. Notice of hearing on any petition concerning sale of real property is required by statute unless waived. The requirement to record a certified copy of the order approving sale of real estate in each county where the real property or any part thereof is situated has been deleted. Committee notes revised and expanded.
1988 Revision: Committee notes expanded. Citation form changes in committee notes.
Statutory References
F.S. 733.609 Improper exercise of power; breach of fiduciary duty.
F.S. 733.610 Sale, encumbrance or transaction involving conflict of interest.
F.S. 733.613(1) Personal representative’s right to sell real property.
F.S. 733.810 Distribution in kind; valuation.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.040 Notice.
FPR 5.041 Service of pleadings and papers.
FPR 5.180 Waiver and consent.
RULE 5.380. COMPULSORY PAYMENT OF DEVISES OR DISTRIBUTIVE INTERESTS
(a) Petition. A beneficiary may file a petition setting forth the facts that entitle him to compel payment of devises or distributive interests stating that the property will not be required for the payment of debts, family allowance, spouse’s elective share, estate and inheritance taxes, claims, charges, and expenses of administration, or for providing funds for contribution or enforcing equalization in case of advancements.
(b) Order. If the court finds that the property will not be required for the purposes set forth in (a), it may enter an order describing the property to be surrendered or delivered and compelling the personal representative, prior to the final settlement of his accounts, to do one or more of the following:
(1) to pay all or any part of a devise in money;
(2) to deliver specific personal property within his custody and control;
(3) to pay all or any part of a distributive interest in the personal estate of a decedent; or
(4) to surrender real property.
(c) Bond. Before the entry of an order of partial distribution, the court may require the person entitled to distribution to give a bond with sureties as prescribed by law.
Committee Notes
Rule History
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Editorial change in caption of (a). Citation form change in committee notes.
*541 Statutory Reference
F.S. 733.802 Proceedings for compulsory payment of devises or distributive interest.
Rule Reference
FPR 5.020 Pleadings; verification; motions.
RULE 5.385. DETERMINATION OF BENEFICIARIES AND SHARES
(a) Beneficiaries and shares. If a personal representative or other interested person is in doubt or is unable to determine with certainty beneficiaries entitled to an estate or the shares of any beneficiary of an estate, or a beneficiary entitled to any asset or interest in an estate, the personal representative or other interested person may petition the court to determine beneficiaries.
(b) Petition. The petition shall include:
(1) the names, residences, and post office addresses of all persons who may have an interest, except creditors of the decedent, known to the petitioner or ascertainable by diligent search and inquiry;
(2) a statement of the nature of the interest of each person;
(3) designation of any person believed to be a minor or incompetent, and whether any person so designated is under legal guardianship in this state.
(4) a statement as to whether petitioner believes that there are, or may be, persons whose names are not known to him who have claims against, or interest in, the estate as beneficiaries.
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 733.105. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure, except that it recognizes the right of an interested person other than the personal representative to initiate this procedure. The first sentence of (2) of the statute has not been included in this rule as the committee feels it is sufficiently covered in FPR 5.025. The second sentence of (2) of the statute is felt by the committee to be substantive and has not been included.
Rule History
1988 Revision: New rule.
Statutory Reference
F.S. 733.105 Determination of beneficiaries.
RULE 5.386. ESCHEAT
(a) Escheat proceeding. If it appears to the personal representative that an estate may escheat or there is doubt about the existence of any person entitled to the estate, the personal representative shall institute a proceeding to determine beneficiaries within 1 year after letters have been issued to him, and notice shall be served on the Department of Legal Affairs. If the personal representative fails to institute the proceeding within the time fixed, it may be instituted by the Department of Legal Affairs.
(b) Court’s report. On or before January 15 of each year, each court shall furnish to the Department of Legal Affairs a list of all estates being administered in which no person appears to be entitled to the property and the personal representative has not instituted a proceeding for the determination of beneficiaries.
(c) Administration. Except as herein provided, escheated estates shall be administered as other estates.
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 732.107. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
Statutory Reference
F.S. 732.107 Escheat.
RULE 5.390. PARTITION FOR PURPOSE OF DISTRIBUTION (Deleted Sep *542 tember 29, 1988; Effective January 1, 1989)
Committee Notes
Rule History
1988 Revision: Rule deleted because statute governs. See F.S. 733.814.
RULE 5.395. NOTICE OF FEDERAL ESTATE TAX RETURN
When a federal estate tax return is required, the personal representative shall file a notice stating the due date of the return. The notice shall be filed within 12 months from the date letters are issued and copies of the notice shall be served on interested persons. Whenever the due date is subsequently extended, similar notice shall be filed and served.
Committee Notes
The purpose of the rule is to require notification to the court and all interested persons that the time for closing the estate is extended when a federal estate tax return is required.
Rule History
1984 Revision: New rule.
1988 Revision: Citation form change in committee notes.
Statutory Reference
F.S. 733.901(1) Distribution; final discharge.
Rule Reference
FPR 5.400 Distribution and discharge; notice.
RULE 5.400. DISTRIBUTION AND DISCHARGE
(a) Petition for discharge; final accounting. When a personal representative has completed administration except for distribution, he shall file a final accounting and a petition for discharge including a plan of distribution.
(b) Contents.
The petition for discharge shall contain a statement:
(1)that the personal representative has fully administered the estate;
(2) that all claims which were presented have been paid, settled, or otherwise disposed of;
(3) that the personal representative has paid or made provision for taxes and expenses of administration;
(4) showing the amount of compensation paid or to be paid to the personal representative, attorneys, accountants, appraisers, or other agents employed by the personal representative;
(5) showing a plan of distribution which shall include:
(A) a schedule of all prior distributions;
(B) the property remaining in the hands of the personal representative for distribution; and
(C) a schedule describing the proposed distribution of the remaining assets;
(6) that any objections to the accounting, the compensation paid or proposed to be paid, or the proposed distribution of assets must be filed within 30 days from the date of service of the last of the petition for discharge or final accounting; and also that within 90 days after filing of the objection, a notice of hearing thereon must be served or the objection is abandoned; and
(7) that objections, if any, shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds on which the objection is based.
(c) Closing estate; extension. The final accounting and petition for discharge shall be filed and served on interested persons within 12 months after issuance of letters for estates not required to file a federal estate tax return, otherwise within 12 months from the date the return is due, unless the time is extended by the court for cause shown after notice to interested persons. The petition to extend time shall state the status of the estate and the reason for the extension.
(d) Distribution. The personal representative shall promptly distribute the estate property in accordance with the plan of distribution, unless objections are filed as provided in these rules.
*543 (e) Discharge. On receipt of evidence that the estate has been fully administered and properly distributed, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
(f) Waiver. The final accounting, any portion of the petition for discharge, or the time for filing objections may be waived by all interested persons.
Committee Notes
The rule establishes a procedure for giving notice and serving the final accounting, petition for discharge, and plan of distribution to all interested persons prior to distribution and discharge. No distinction is made in plans of distribution which distribute estate property in kind among multiple residual beneficiaries proportionate to their respective interests and those which include equalizing adjustments in cash or property and which do not make prorated distribution.
Rule History
1980 Revision: Change in prior (a)(6) to require that an objection set forth the basis on which it is being made.
1984 Revision: This rule has been substantially revised. Portions of the prior rule are now incorporated in FPR 5.400 and 5.401. The committee has included the procedure for filing and serving of objections to the final accounting, petition for discharge, plan of distribution or compensation in FPR 5.401.
1988 Revision: Subparagraph (b)(1) is deleted to avoid duplication with FPR 5.346. Paragraph (c) is amended to add the 12-month time specification of F.S. 733.901(1). Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 731.302 Waiver and consent by interested person.
F.S. 733.809 Right of retainer.
F.S. 733.810 Distribution in kind; valuation.
F.S. 733.811 Distribution; right or title of distributee.
F.S. 733.812 Improper distribution; liability of distributee.
F.S. 733.901 Distribution; final discharge.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.040 Notice.
FPR 5.180 Waiver and consent.
FPR 5.401 Objections to petition for discharge or final accounting.
RULE 5.401. OBJECTIONS TO PETITION FOR DISCHARGE OR FINAL ACCOUNTING
(a) Objections. An interested person may object to the petition for discharge or final accounting within 30 days after the service of the later of the petition or final accounting on that interested person.
(b) Contents. Written objections to the petition for discharge or final accounting must state with particularity the items to which the objections are directed and must state the grounds on which the objections are based.
(c) Service. Copies of the objections shall be served by the objector on the personal representative and interested persons not later than 30 days after the last date on which the petition for discharge or final accounting was served on the objector.
(d) Hearing on objections. Any interested person may set a hearing on the objections. Notice of the hearing shall be given to all interested persons. If the objections are not noticed for hearing within 90 days of filing of the objections, the objections shall be deemed abandoned and the personal representative may make distribution as set forth in the plan of distribution.
(e) Order on objections. The court shall sustain or overrule any objections to the petition for discharge and final accounting and shall determine a plan of distribution.
(f) Discharge. On receipt of evidence that the estate has been distributed according to the plan determined by the court and the claims of creditors have been paid or *544 otherwise disposed of, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
Committee Notes
Rule History
1984 Revision: New rule. Objections to the petition for discharge or final accounting were formerly under prior FPR 5.400. Clarifies procedure for objections.
1988 Revision: Editorial changes in (a). Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 733.6175 Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
F.S. 733.901 Distribution; final discharge.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.040 Notice.
FPR 5.180 Waiver and consent.
FPR 5.400 Distribution and discharge; notice.
RULE 5.405. PROCEEDINGS TO DETERMINE HOMESTEAD REAL PROPERTY
(a) Petition. An interested person may file a petition to determine homestead real property owned by the decedent.
(b) Contents. The petition shall be verified by the petitioner and shall state:
(1) the date of the decedent’s death;
(2) the county of the decedent’s domicile at the time of his death;
(3) the name of the decedent’s surviving spouse and the names and dates of birth of the decedent’s surviving lineal descendants;
(4) a legal description of the property owned by the decedent on which the decedent resided; and
(5) any other facts in support of the petition.
(c) Order. If the court determines that the property constituted the homestead of the decedent, it shall enter an order determining the legal description and the persons entitled to the homestead real property-
Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition the court for a determination that certain real property constituted the decedent’s homestead property, in accordance with article X, section 4 of the Florida Constitution. The jurisdiction of the court to determine constitutional homestead property was established by In re Noble’s Estate, 73 So.2d 873 (Fla.1954).
Rule History
1984 Revision: New rule.
1988 Revision: Editorial change in (a). Subparagraph (b)(4) amended to conform to constitutional change. Committee notes revised. Citation form change in committee notes.
Statutory References
F.S. 732.4015 Devise of homestead.
F.S. 733.607 Possession of estate.
F.S. 733.608 General power of the personal representative.
Art. X, § 4, Fla. Const.
Rule Reference
FPR 5.340 Inventory.
RULE 5.406. PROCEEDINGS TO DETERMINE EXEMPT PROPERTY
(a) Petition. A verified petition to determine exempt property shall be filed by or on behalf of the persons entitled to exempt property within the time allowed by law.
(b) Contents. The petition shall:
(1) describe the property and the basis on which it is claimed as exempt property; and
(2) state the name and address of the decedent’s surviving spouse or, if none, the names and addresses of decedent’s children entitled by law to the exempt property and the dates of birth of those who are minors.
*545 (c) Order. The court shall determine each item of exempt property and its value and order the surrender of that property to the persons entitled to it.
Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition the court for determination of exempt property in accordance with article X, section 4 of the Florida Constitution and F.S. 732.402.
Rule History
1984 Revision: New rule.
1988 Revision: Paragraph (a) revised to reflect editorial changes and to require verification. Subparagraph (b)(1) revised to require the basis for asserting exempt property status. Subparagraph (b)(2) added the requirement of stating addresses of those entitled to exempt property. Paragraph (c) revised to reflect editorial changes and to require determination of the value of each item of exempt property. Committee notes revised.
Statutory References
F.S. 732.402 Exempt property.
Art. X, § 4, Fla. Const.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.420 Disposition of personal property without administration.
RULE 5.420. DISPOSITION OF PERSONAL PROPERTY WITHOUT ADMINISTRATION
(a)Application. An interested person may request a disposition of the decedent’s personal property without administration. An application signed by the applicant shall set forth the following information:
(1) the description and value of the exempt property;
(2) the description and value of the other assets of the decedent;
(3) the amount of preferred funeral expenses and reasonable and necessary medical and hospital expenses for the last 60 days of the last illness together with accompanying statements or payment re ceipts; and
(4)each requested payment or distribution of personal property.
(b) Exempt Property. If the decedent’s personal property includes exempt property, or property that can be determined to be exempt property, the application must also be signed by all persons entitled to the exempt property or by their representative.
(c) Preparation. On request, the clerk shall assist the applicant in the preparation of the required writing.
(d) Disposition. If the court is satisfied that disposition without administration is appropriate, the court may, without hearing, by letter or other writing authorize the payment, transfer, or disposition of the decedent’s personal property to those persons entitled to it.
Committee Notes
F.S. 732.402 requires persons entitled to exempt property, which excludes property specifically or demonstratively devised, to file timely a petition to determine exempt property. Accordingly, disposition of personal property under this rule should not be granted if decedent’s personal property includes exempt property without all persons entitled thereto agreeing to such disposition.
Rule History
1977 Revision: Permits the clerk to perform limited ministerial acts in the completion of the application.
1984 Revision: Editorial changes. Delineates the required contents of the application. Committee notes revised.
1988 Revision: Subparagraph (a)(3) changed to require applicant to attach accompanying statements or payment receipts regarding priority expenses. Paragraph (b) added to require persons entitled to exempt property to agree to the proposed disposition. Committee notes expanded.
Statutory References
F.S. 732.402 Exempt property.
F.S. 735.301 Disposition without administration.
*546 RULE 5.430. RESIGNATION OF PERSONAL REPRESENTATIVE
(a) Resignation. A personal representative may resign and be relieved of his office upon filing a resignation with notice to all interested persons, including any surety on the bond. Before relieving the personal representative from his duties, the court shall require him to file an accounting and to pay over and deliver to his successor or to the joint personal representative all of the decedent’s estate and all records concerning the estate. The acceptance of such resignation shall not exonerate any personal representative or his surety from liability previously incurred.
(b) Appointment of successor. When a sole personal representative resigns, a successor must be appointed and qualified before a personal representative is relieved of his duties.
Committee Notes
Rule History
1975 Revision: The rule provides for the orderly succession of personal representatives in the event a personal representative resigns or is removed.
1977 Revision: Editorial change in committee note.
1988 Revision: Editorial changes; captions added to paragraphs. Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 733.502 Resignation of personal representative.
F.S. 733.503 Appointment of successor upon resignation.
Rule References
FPR 5.310 Disqualification of personal representative; notification.
FPR 5.345 Interim accounting.
RULE 5.440. PROCEEDINGS FOR REMOVAL
(a) Commencement of proceeding. The court on its own motion or any surety, any joint personal representative, or any other interested person by petition may commence a proceeding to remove a personal representative. A petition for removal shall state the facts constituting the grounds upon which removal is demanded, and shall be filed in the court issuing the letters.
(b) Accounting. A removed personal representative shall file an accounting of his administration within 30 days after his removal. The accounting shall include a statement of all property on hand, and all receipts and disbursements and all cash and other property transactions from the date of the last accounting or, if none, from the date that letters were issued to the removed personal representative. The provisions relating to notice of filing, objections to accounting, approval of accounting by the court, and substantiation of account-ings contained in Rule 5.345(b) through (f) shall apply to this rule.
(c) Delivery of records and property. A removed personal representative shall deliver to the remaining or successor personal representative all of the records of the estate and all of the property of the estate within 30 days after his removal or within such lesser time set by the court.
(d) Failure to file accounting or deliver records and property. If a removed personal representative fails to file an accounting of his administration or fails to deliver to the remaining or successor personal representative all property of the estate and all estate records under his control within the time prescribed by this rule or by order of the court, the removed personal representative shall be subject to contempt proceedings.
Committee Notes
The revision of paragraph (a) of this rule by the addition of its final phrase represents a rule implementation of the procedure found in F.S. 733.505. ■ It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
*547 Rule History
1980 Revision: Paragraph (a) amended to require formal notice to interested persons and to delete requirement that court give directions as to mode of notice. Surety authorized to petition for removal.
1984 Revision: Editorial changes. Provisions in prior rule for contempt have been deleted since the court has the inherent power to punish for contempt. Committee notes revised.
1988 Revision: Last phrase of (a) added to implement the procedure found in F.S. 733.505. Paragraph (b) amended to parallel interim accounting rules. Deletes ability to extend time to file and adds reference to court power to punish for contempt. Committee notes expanded. Editorial changes. Citation form changes in committee notes.
Statutory References
F.S. 733.504 Causes of removal of personal representative.
F.S. 733.505 Jurisdiction in removal proceedings.
F.S. 733.506 Proceedings for removal.
F.S. 733.507 Administration following resignation or removal.
F.S. 733.508 Accounting upon removal.
F.S. 733.509 Surrender of assets upon removal.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.025 Adversary proceedings.
FPR 51.50 Order requiring accounting.
FPR 5.660 Proceedings for removal of guardian.
RULE 5.460. SUBSEQUENT ADMINISTRATION
(a) Petition. If, after an estate is closed, additional property of the decedent is discovered or if further administration of the estate is required for any other reason, any interested person may file a petition for further administration of the estate. The petition shall be filed in the same probate file as the original administration.
(b) Contents. The petition shall state:
(1) the name, address, and interest of the petitioner in the estate;
(2) the reason for further administration of the estate;
(3) the description, approximate value, and location of any asset not included among the assets of the prior administration; and
(4) a statement of the relief sought.
(c)Order. The court shall enter such orders as appropriate. Unless required, the court need not revoke the order of discharge, reissue letters, or require bond.
Committee Notes
This rule establishes a procedure for further administration after estate is closed, which may be summary in nature.
Rule History
1984 Revision: Extensive changes. Committee notes revised.
Statutory Reference
F.S. 733.903 Subsequent administration.
RULE 5.470. ANCILLARY ADMINISTRATION
(a) Petition. The petition for ancillary letters shall include an authenticated copy of so much of the domiciliary proceedings as will show:
(1) for a testate estate the will, petition for probate, order admitting the will to probate, and authority of the personal representative; or
(2) for an intestate estate the petition for administration and authority of the personal representative to act.
(b) Notice. Notice of the petition shall be given to all domiciliary personal representatives who have not waived notice or joined in the petition.
(c) Probate of will. On filing the authenticated copy of a probated will, the court shall determine whether the will complies with Florida law to entitle it to probate. If it does comply, the court shall admit the will to probate.
*548 Committee Notes
Rule History
1975 Revision: The rule sets out the procedural requirements for issuance of ancillary letters.
1984 Revision: Editorial changes with addition of notice requirement in (b). Committee notes revised.
1988 Revision: Committee notes revised.
Statutory References
F.S. 734.102 Ancillary administration.
F.S. 734.1025 Nonresident decedent’s estate with property not exceeding $25,000 in this state; determination of claims.
Rule References
FPR 5.020 Pleadings; verifications; motions.
FPR 5.065(b) Notice of civil action or ancillary administration.
FPR 5.205(a)(2) Filing evidence of death.
FPR 5.475 Ancillary administration, short form.
RULE 5.475. ANCILLARY ADMINISTRATION, SHORT FORM
(a)Filing requirements. An estate which meets the requirements of F.S. 734.-1025 may file with the clerk in the county where any property is located, an authenticated copy of so much of the transcript of the domiciliary proceedings as will show:
(1) In a testate estate, the probated will and all probated codicils of the decedent; the order admitting them to probate; the letters or their equivalent; and the part of the record showing the names of the devi-sees and heirs of the decedent or an affidavit of the domiciliary personal representative reciting that the names are not shown or not fully disclosed by the domiciliary record and specifying the names. On presentation of the foregoing, the court shall admit the will and any codicils to probate if they comply with F.S. 732.502(1) or F.S. 732.502(2).
(2) In an intestate estate, the petition for administration; order appointing personal representative; and an authenticated copy of letters of administration, or their equivalent, with the part of the record showing the names of the heirs of the decedent or an affidavit of the domiciliary personal representative supplying the names, as provided in subparagraph (1). On presentation of the foregoing, the court shall order them recorded.
(b) Notice to creditors. After complying with the foregoing requirements, the domiciliary personal representative shall cause a notice to creditors to be published as required by these rules.
(c) Claims procedure. The procedure for filing or barring claims and objecting to them and for suing on them shall be the same as for other estates, except as provided in this rule.
(d) Order. If no claims are filed against the estate within the time allowed, the court shall enter an order adjudging that notice to creditors has been duly published and proof thereof filed and that no claims have been filed against the estate or that all claims have been satisfied.
(e) Notification of claims filed. If any claim is filed against the estate within the time allowed, the court shall send to the domiciliary personal representative a copy of the claim and a notice setting a date for a hearing to appoint an ancillary personal representative. At the hearing, the court shall appoint an ancillary personal representative according to the preferences as provided by law.
(f) Objections to claims. If an ancillary personal representative is appointed pursuant to this rule, the procedure for filing, objecting to, and suing on claims shall be the same as for other estates, except that the ancillary personal representative appointed shall have not fewer than 30 days from the date of his appointment within which to object to any claim filed.
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 734.-1025. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
*549 Rule History
1988 Revision: New rule.
Statutory References
F.S. 734.102 Ancillary administration.
F.S. 734.1025 Nonresident decedent’s estate with property not exceeding $25,000 in this state; determination of claims.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.065(b) Notice of civil action or ancillary administration.
FPR 5.205(a)(2) Filing evidence of death.
FPR 5.470 Ancillary administration.
RULE 5.490. FORM AND MANNER OF PRESENTING CLAIM
(a) Form. A creditor’s statement of claim shall be verified and filed with the clerk and shall state:
(1) the basis for the claim;
(2) the amount claimed;
(3) the name and address of the creditor;
(4) the security for the claim, if any; and
(5) whether ⅛⅜ claim is due or involves an uncertainty and, if not due, then the due date and, if contingent or unliquidated, the nature of the uncertainty.
(b) Copy. At the time of filing the claim, the creditor shall also furnish the clerk with a copy thereof.
(c) Mailing. The clerk shall mail a copy of claims, noting the fact and date of mailing on the original, to the attorney for the personal representative unless all personal representatives file a notice directing that copies of claims be mailed to a designated personal representative or attorney of record. Absent designation, a copy of claims shall be mailed to the attorney for the personal representative named first in the letters of administration.
(d) Validity of claim. Failure to deliver or receive a copy of the claim shall not affect the validity of the claim.
(e) Amending claims. If a claim as filed is sufficient to notify interested persons of its substance but is otherwise defective as to form, the court may permit the claim to be amended at any time.
Committee Notes
Paragraph (e) of this rule represents a rule implementation of the procedure found in F.S. 733.704. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1975 Revision: Sets forth the claims procedure to be followed and clarifies the matter of delivery of copies where there are multiple personal representatives or where the attorney of record desires to accept such delivery.
1984 Revision: Extensive editorial changes and requires furnishing of copy of claim to the attorney for the personal representative. Committee notes revised.
1988 Revision: Clarifies the matter of delivery of copies and directs the clerk to mail the same to the attorney for the personal representative unless designations are filed by all personal representatives to the contrary. Paragraph (e) added to implement the procedure found in F.S. 733.-704. Editorial changes. Committee notes expanded. Citation form change in committee notes.
Statutory References
F.S. 731.111 Notice to creditors.
F.S. 733.212 Notice of administration; filing of objections and claims.
F.S. 733.702 Limitations on presentation of claims.
F.S. 733.703 Form and manner of presenting claim.
F.S. 733.704 Amendment of claims.
F.S. 733.708 Compromise.
Rule References
FPR 5.240 Notice of administration.
FPR 5.495 Petition to extend time for filing claim.
FPR 5.520 Family administration.
RULE 5.495. PETITION TO EXTEND TIME FOR FILING CLAIM
*550 If a creditor of the estate files a petition to extend the time for filing a claim, after the time allowed by law for presenting claims, or a petition to require payment of claim, which claim was filed after the time allowed by law for presenting claims, and the petition alleges that the creditor was known to or reasonably ascertainable by the personal representative, but was not served with a copy of the notice of administration, such petition shall specifically allege facts showing that such creditor was known to or reasonably ascertainable by the personal representative. It shall also include a verified statement alleging either (i) the creditor did not have actual knowledge of those matters relating to creditors’ claims required to be set forth in the notice of administration during the period allowed for filing claims against the estate, or (ii) facts sufficient to obtain relief under Florida Rule of Civil Procedure 1.540(b).
Committee Notes
It is contemplated that substantially more creditors who have missed the filing deadline imposed by F.S. 733.702 will be filing a petition to extend the time for filing claim, under the authority of Tulsa Professional Collection Services, Inc. v. Pope, 108 S.Ct. 1340 (1988). This is a new procedure which requires specificity in the relevant factual allegations of any petition based upon the concepts discussed in that case. If the creditor had knowledge of the administration proceedings, but too late in the period to accomplish the filing of the claim, such allegation specifically describing those facts meets the requirements of this rule. Furthermore, it does not appear that inadvertence or surprise in Fla.R.Civ. P. 1.540(b)(1) or matters relating to judgments in (4) and (5) of that rule have application in this context.
Rule History
1988 Revision: New rule
Statutory References
F.S. 731.111 Notice to creditors.
F.S. 733.212 Notice of administration; filing of objections and claims.
F.S. 733.702 Limitations on presentation of claims.
F.S. 733.703 Form and manner of presenting claim.
F.S. 733.708 Compromise.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.025 Adversary proceedings.
FPR 5.240 Notice of administration.
Fla.R.Civ.P. 1.540(b) Relief from judgment, decrees or orders.
RULE 5.510. ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL
(a) Proceeding. The establishment and probate of a lost or destroyed will shall be in one proceeding.
(b) Petition. The petition, in addition to reciting information required under these rules for petition for administration, shall include a statement of the facts constituting grounds on which relief is sought, and a statement of the contents of the will or, if available, a copy of the will.
(c) Testimony. The testimony of each witness in the proceeding shall be reduced to writing and filed and may be used as evidence in any contest ,of the will if the witness has died or moved from the state.
(d) Order. The order admitting the will to probate shall state in full its terms and provisions.
Committee Notes
This rule represents a rule implementation of the procedure found in F.S. 733.207. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure. The committee believes that the last sentence of section (3) of the statute is substantive, and has not therefore been included here. This rule replaces a prior rule of the same number and is intended to track the statute more closely than the prior rule.
Rule History
1977 Revision: Editorial change in paragraph (c) of prior rule.
*551 1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Rule rewritten to conform to statute. Committee notes expanded. Citation form change in committee notes.
Statutory Reference
F.S. 733.207 Establishment and probate of lost or destroyed will.
Rule References
FPR 5.025 Adversary proceedings.
FPR 5.200 Petition for administration.
RULE 5.520. FAMILY ADMINISTRATION
(a)Petition. The petition shall be verified by the surviving spouse, if any, and the beneficiaries and shall contain the statements required by law and the following:
(1) facts showing that the petitioners are entitled to family administration;
(2) a schedule of all assets required by law to be listed and the estimated values of each, probate and nonprobate assets being listed separately. Homestead and exempt property shall be separately designated;
(3) one of the following shall be included:
(A) a statement that the estate is not indebted; or
(B) a statement that all creditors’ claims are barred; or
(C) the name of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debt has been made other than in the proposed order of distribution, the following information shall be shown:
(i) the name of the person who will pay the debt;
(ii) the creditor’s written consent for substitution or assumption of the debt by another person;
(iii) the amount to be paid if the debt has been compromised; and
(iv) if the debt is to be paid in other than one lump sum or as directed by court order, the time and method of payment;
(4)a schedule of proposed distribution of all probate assets and the person to whom each asset is to be distributed.
(b) Testate estate. In a testate estate, on the filing of the petition for family administration, the decedent’s will shall be proved and admitted to probate.
(c) Order. If the court determines that the decedent’s estate qualifies for family administration, it shall enter an order distributing the probate assets and specifically designating the person to whom each asset is to be distributed.
Committee Notes
Rule History
1975 Revision: Established the requirements of a petition for family administration.
1980 Revision: Deleted repetition of specific language included in the statutes.
1984 Revision: Extensive revisions. Requirements were added to protect creditors because publication of notice of administration is not always required. Committee notes revised.
1988 Revision: Editorial change in caption of (a). Committee notes revised
Statutory Reference
F.S. 735.101-735.107 Family administration.
Rule Reference
FPR 5.020 Pleadings; verification; motions.
RULE 5.530. SUMMARY ADMINISTRATION
(a) Petition. The petition shall be verified and shall contain the statements required by law and the following:
(1) facts showing that the petitioners are entitled to summary administration;
(2) a schedule of all assets required by law to be listed and the estimated value of each, separately designating homestead and exempt property;
(3) one of the following shall be included:
(A) a statement that the estate is not indebted; or
*552 (B) a statement that all creditors’ claims are barred; or
(C) the name of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debt has been made other than in the proposed order of distribution, the following information shall be shown:
(i) the name of the person who will pay the debt;
(ii) the creditor’s written consent for substitution or assumption of the debt by another person;
(iii) the amount to be paid if the debt has been compromised; and
(iv) if the debt is to be paid in other than one lump sum or as directed by court order, the time and method of payment;
(4) a schedule of proposed distribution of all probate assets and the person to whom each asset is to be distributed.
(b) Testate estate. In a testate estate, on the filing of the petition for summary administration, the decedent’s will shall be proved and admitted to probate.
(c) Order. If the court determines that the decedent’s estate qualifies for summary administration, it shall enter an order distributing the probate assets and specifically designating the person to whom each asset is to be distributed.
Committee Notes
Rule History
1977 Revision: Changes to conform to 1975 statutory revision. Established the requirements of a petition for summary administration and provided for the hearing thereon and the entry of the order of distribution of the assets.
1984. Revision: Extensive revisions and editorial changes. Committee notes revised.
1988 Revision: Editorial change in caption of (a). Committee notes revised.
Statutory Reference
F.S. 735.201-735.209 Summary administration.
Rule Reference
FPR 5.020 Pleadings; verification; motions.
PART III—GUARDIANSHIP
RULE 5.540. DEFINITIONS (Deleted September 29, 1988; Effective January 1, 1989)
Committee Notes
Rule History
1988 Revision: Rule deleted on the basis that the definitions in the rule are the same as or substantially similar to those contained in F.S. 744.102.
RULE 5.550. PETITION TO DETERMINE COMPETENCY
(a) Contents. The petition to determine competency shall be verified by the petitioner and shall allege:
(1) the name, age or approximate age, and address of the alleged incompetent and the nature of the incapacity;
(2) the address of the petitioner; and
• (3) the names, relationships, and addresses of the next-of-kin of the alleged incompetent, if known.
(b) Service. A copy of the petition to determine competency and notice of hearing thereon shall be served on the alleged incompetent in the same manner as provided for service of formal notice. A copy of the petition and notice of the hearing shall be served on one or more members of the family of the alleged incompetent, if any other than petitioner are known to be residing in the county, and to such other persons as the court may direct.
Committee Notes
Rule History
1980 Revision: Implements 1979 amendments to F.S. 744.331.
1984 Revision: Change in title of rule. Editorial changes and adds a provision for service of petition. Committee notes revised.
1988 Revision: Committee notes revised. Citation form changes in committee notes.
*553 Statutory Reference
F.S. 744.331 Adjudication of persons mentally or physically incompetent; procedure.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.040(a)(3) Notice.
RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN; NOTICE
(a) Contents. The petition for the appointment of a guardian shall be verified by the petitioner and shall allege:
(1) facts to establish venue;
(2) petitioner’s residence and post office address;
(3) the name, age, social security number, residence and post office address of the incompetent, and the nature of the incapacity;
(4) the date and court of adjudication;
(5) the type of guardianship desired;
(6) the approximate value and description of the incompetent’s property;
(7) the names and addresses of the next-of-kin of the incompetent, if known to the petitioner; and
(8) the name, residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve.
(b) Notice not required. A petition for appointment of guardian may be filed and heard without notice at the conclusion of the hearing in which the incompetency has been adjudicated. The court on its own motion may appoint the public guardian without notice to the public guardian.
(c) Notice required.
(1) A copy of the petition and notice of hearing shall be served on the incompetent and such other persons as the court may direct if the petition for appointment of a guardian is not heard on the date of adjudication of incompetency.
(2) A copy of the petition and notice of hearing shall be served on the minor’s parents if the petition alleges that the incompetent is a minor and the petitioner is not a parent. If a parent of the minor is the petitioner or proposed guardian, a copy of the petition and notice of hearing shall be served on the minor’s other parent, if living.
(3)If the petitioner requests appointment of the public guardian, a copy of the petition and notice of the hearing thereon shall be served on the public guardian.
Committee Notes
Rule History
1975 Revision: Substantially the same as F.S. 744.334, expanded to include provisions of F.S. 744.302 and F.S. 744.312 by reference.
1977 Revision: Change in committee notes to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to F.S. 744.334.
1984 Revision: Combines FPR 5.560 and part of prior FPR 5.570. Editorial changes and committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 744.309 Who may be appointed guardian of a resident incompetent.
F.S. 744.312 Considerations in appointment of guardian.
F.S. 744.334 Petition for appointment of guardian; contents.
F.S. 744.337 Notice of hearing.
F.S. 744.341 Voluntary guardianship.
F.S. 744.344 Order of appointment.
F.S. 744.703 Office of public guardian; appointment, notification.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.040 Notice.
RULE 5.590. DISQUALIFICATION OF GUARDIAN: NOTIFICATION (Deleted September 29, 1988; Effective January 1, 1989)
*554 Committee Notes
Rule History
1988 Revision: Rule deleted; text of rule moved to FPR 5.650.
RULE 5.600. OATH
Every guardian shall take an oath to faithfully perform the duties of guardian before exercising such authority. The oath may be incorporated in the petition for appointment of guardian if verified by the prospective guardian individually.
Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering. Rule permits oath of guardian to be incorporated in petition for appointment and in designation of resident agent.
1984 Revision: Editorial change and deletes genders.
Statutory Reference
F.S. 744.347 Oath of guardian.
RULE 5.610. EXECUTION BY GUARDIAN
The guardian shall sign the:
(1) inventory;
(2) annual and final accountings;
(3) petition for approval of resignation and for order of discharge; and
(4) any petition for court approval required by F.S. 744.441.
Committee Notes
Rule History
1975 Revision: Rule lists what guardian shall sign and includes any petition for court approval required by F.S. 744.441. The rule requires that the guardian have actual knowledge of the more important steps and acts of administration.
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in rule and committee notes.
Statutory References
F.S. 744.377(4) Duties of guardian of the property.
F.S. 744.387 Settlement of claims.
F.S. 744.427 Annual returns.
F.S. 744.441 Powers of guardian upon court approval.
F.S. 744.447 Petition for authorization to act.
F.S. 744.467 Resignation of guardian. RULE 5.620. INVENTORY; APPRAISALS
(a) Inventory. Within 60 days after issuance of letters the guardian of the property shall file a complete inventory of the property of the ward that has come to the guardian’s knowledge including any cause of action on which the ward has a right to sue. If the guardian learns of any property that is not included in a previous inventory, the property shall be inventoried within 30 days after its discovery.
(b) Appraisals. When the court deems it necessary, appraisers may be appointed to appraise any property of the ward. The appraisal, if endorsed by the guardian, may be considered an inventory of that part of the estate so appraised.
Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Change to require inventory to be filed within 60 days after issuance of letters, rather than after appointment. Committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form change in committee notes.
Statutory References
F.S. 199.062(4) Annual tax information returns.
F.S. 744.377(4) Duties of guardian of the property.
F.S. 744.381 Appraisals.
F.S. 744.384 Subsequently discovered or acquired property.
Rule Reference
FPR 5.340 Inventory.
RULE 5.630. PETITION AND NOTICE FOR APPROVAL OF ACTS
*555 (a) Petition. When authorization or confirmation of any act of the guardian is required, application shall be made by verified petition of the guardian stating the facts showing:
(1) the expediency or necessity for the action;
(2) a description of any property involved; and
(3) the price and terms of a sale, mortgage, or other contract.
(b) Notice. No notice of a petition to authorize a sale of perishable personal property or of property rapidly deteriorating shall be required. Notice of a petition to perform any other act requiring a court order shall be given to the guardian of the person and to those persons who have filed a request for notices and copies of pleadings.
(c) Order. After the hearing upon the petition, if the act is authorized or confirmed, the order shall describe the property, if a sale or mortgage is authorized, and:
(1) if the property is authorized for sale at private sale, the order shall fix the price and the terms of the sale, or
(2) if the sale is to be public, the order shall state that the sale shall be made to the highest bidder and the court reserves the right to reject all bids.
An order for any other act requiring a court order shall describe the permitted act and authorize the guardian to perform it or confirm its performance.
Committee Notes
Rule History
1975 Revision: Substantially the same as F.S. 744.503, 744.447, and 744.451 with editorial changes.
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to F.S. 744.447(2).
1988 Revision: Editorial changes; captions added to paragraphs. Committee notes revised. Citation form changes in rule and committee notes.
Statutory Reference
F.S. 744.441 Powers of guardian upon court approval.
Rule References
FPR 5.020 Pleadings; verification; motions.
FPR 5.040 Notice.
FPR 5.041 Service of pleadings and papers.
FPR 5.060 Request for notices and copies of pleadings.
RULE 5.640. CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE OF WARD
(a) Continuance of business. When the ward is adjudicated incompetent while engaged in any unincorporated business or venture, the court may authorize the guardian to continue the business or venture for a reasonable time under the supervision of the court.
(b) Petition. Before an order is made under paragraph (a), the guardian shall file a verified petition, alleging sufficient facts to make it appear that it is in the best interest of the ward’s estate to continue the business or venture.
(c) Order. The order authorizing the continuance of the business or venture may empower the guardian to make contracts necessary to conduct the business or venture and to incur debts and pay out money in the proper conduct of the business or venture. The net profits only of the business or venture are to be added to the assets of the ward’s estate.
(d) Accounts and reports. In the conduct of the business or venture, the guardian shall keep full and accurate accounts of all receipts and expenditures and make reports as the court requires.
(e) Discontinuance of business. Any person interested in the ward’s estate, at any time, may petition the court for an *556 order requiring the guardian to discontinue and to wind up the business or venture, and the court, after notice to the guardian, shall enter such order thereon as is in the best interest of the ward’s estate.
Committee Notes
Rule History
1975 Revision: Implements F.S. 744.-441(16). The rule is patterned after FPR 5.350 pertaining to the continuation of a business of a decedent by a personal representative.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Change in title of rule; captions added to paragraphs. Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 744.441(13) Powers of guardian upon court approval.
F.S. 744.447 Petition for authorization to act.
Rule Reference
FPR 5.350 Continuance of unincorporated business or venture.
RULE 5.650. RESIGNATION OR DISQUALIFICATION OF GUARDIAN; APPOINTMENT OF SUCCESSOR
(a)Resignation. A guardian may petition for approval of his resignation. The order shall relieve him of his guardianship duties and obligations after notice as the court may require and notice to the surety on his bond. Before entry of the order, the guardian shall file an accounting and deliver to the successor guardian the property of the ward and all records. The court shall be satisfied that the interest of the ward will not be placed in jeopardy by the resignation before entering the order. The acceptance of the resignation shall not exonerate the guardian or his surety from any liability previously incurred.
(b) Disqualification. Any guardian who is improperly qualified, or who becomes disqualified to act after his appointment, shall immediately present his resignation to the court, and shall do any and all other things necessary or proper to procure an order approving such resignation, and if he does not do so, he shall be removed as provided by law and these rules.
(c) Successor guardian. A successor guardian must be appointed and duly qualified before a guardian shall be relieved of his duties and obligations.
Committee Notes
Rule History
1975 Revision: Substantially the same as F.S. 744.467 and F.S. 744.471 with editorial changes.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Editorial changes in (a). Text of FPR 5.590 inserted in (b). Editorial change in (c). Captions added to paragraphs. Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 744.467 Resignation of guardian.
F.S. 744.471 Appointment of successor.
Rule Reference
FPR 5.040 Notice.
RULE 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a) Notice. A petition for removal of a guardian shall be served by formal notice on all guardians and other interested persons, including any next-of-kin.
(b) Accounting. A removed guardian shall file an accounting of his guardianship within 20 days after his removal.
(c) Transfer of property and records. The successor guardian shall demand of the removed guardian or his heirs, personal representative, or surety all the property of the ward and all records with all money due the ward by him. The removed guardian or his heirs, personal representative, or *557 surety shall turn over the items to his duly qualified successor.
(d) Failure to comply. If a removed guardian fails to file a true, complete and final accounting of his guardianship, to turn over to his successor all property of his ward and all records that are in his control and that concern the property of the ward or the guardianship, or to pay over to the successor guardian all money due the ward by him, the court shall commit the removed guardian until he complies with the requirements indicated. If cause is shown for the default, the court shall set a reasonable time within which to comply, and, on failure to comply with this or any subsequent order, the removed guardian may be committed until he does comply. Proceedings for the commitment of a defaulting guardian may be instituted by the court, by an interested person, or by a successor guardian.
(e) Commitment proceedings. If proceedings for commitment are instituted by the court, the order directing compliance shall be sufficient of itself. If proceedings are instituted by a person other than the court, they shall be by verified petition, stating the facts upon which the proceedings are based. After notice to the removed guardian and a hearing on the petition, if it deems the facts stated sufficient, the court shall issue its order and proceed in accordance with the provisions of this rule.
Committee Notes
Rule History
1977 Revision: No change in rule. Change in committee notes to conform to statutory renumbering.
1980 Revision: Paragraph (a) amended to specifically authorize any guardian or next-of-kin to file the petition and to require formal notice in conformity with FPR 5.630(b).
1984 Revision: Paragraph (b) amended to conform to statute. Editorial changes and committee notes revised.
1988 Revision: Paragraph (a) rewritten for clarity. Language in (b) deleted as surplusage. Editorial change in caption of (c). Committee notes revised. Citation form change in committee notes.
Statutory References
F.S. 744.474 Reasons for removal of guardian.
F.S. 744.477 Proceedings for removal.
F.S. 744.511 Accounting upon removal.
F.S. 744.514 Surrender of assets upon removal.
F.S. 744.517 Proceedings for commitment.
Rule References
FPR 5.025 Adversary proceedings.
FPR 5.040 Notice.
RULE 5.670. TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
(a) Change of domicile. When the domicile of a resident ward has been changed to a foreign state and the foreign court having jurisdiction over the ward at his new domicile has appointed a guardian of the property of the ward and the guardian has qualified and posted a bond in an amount required by the foreign court, the Florida guardian of the property of the ward may file his final accountings and close the Florida guardianship.
(b) Publication of notice. The Florida guardian of the property shall publish a notice once a week for two consecutive weeks in a newspaper of general circulation published in the county in which he has filed his accountings, that any objections should be filed within 30 days, and that application for discharge will be made on a day certain and that jurisdiction of the ward will be transferred to the state of foreign jurisdiction.
(c) Objections. If an objection is filed, the court shall hear the objection and enter such orders as appropriate.
*558 (d) Distribution and discharge. On filing proof that the remaining assets in the guardianship have been received by the foreign guardian, the Florida guardian shall be discharged.
Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Adds 30-day requirement for filing objections. Editorial changes and committee notes revised.
1988 Revision: Editorial change in (c). First and last sentences of (d) deleted and clarifying word added.
Statutory References
F.S. 744.201 Change of domicile of ward.
F.S. 744.202 Venue.
F.S. 744.309 Who may be appointed guardian of a resident incompetent.
F.S. 744.361(3) Duties and powers of guardian of the person.
F.S. 744.524 Termination of guardianship on change of domicile of resident ward.
RULE 5.680. TERMINATION OF GUARDIANSHIP UPON REMOVAL OF WARDS INCAPACITY, DEATH OR EXHAUSTION OF ASSETS
(a) Termination procedure. When a ward becomes sui juris or the property of a ward has been lawfully exhausted or the ward dies or is restored to competency, the guardian of the property shall file a final accounting and petition for his discharge. The court may require proof of the removal of incompetency or of the need of the continuance of the guardianship.
(b) Final accounting. When the need for the guardianship terminates under this rule, the guardian shall promptly file his final accounting. If no objections are filed and if it appears that the guardian has made full and complete distribution of the ward’s assets to the person entitled to them and has otherwise faithfully discharged his duties, the court shall approve the final accounting. If objections are filed, the court shall conduct a hearing in the same manner as provided for a hearing on objections to annual accountings.
(c) Retaining funds. The guardian applying for a discharge is authorized to retain from the funds in his possession a sufficient amount to pay the final costs of administration, including guardian and attorneys fees regardless of the death of the ward accruing between the filing of his final accounting and the order of discharge.
(d) Petition for discharge. The guardian applying for discharge shall do so by filing a petition for discharge and serving a copy of the petition and notice of hearing on the ward, on the personal representative of a deceased ward, or if there are no assets justifying qualification of a personal representative for the estate of a deceased ward, on the known next-of-kin of the deceased ward or such persons as the court may direct. The notice of hearing on the petition for discharge shall state a time certain, not less than 30 days after service, when the petition for discharge shall be heard and shall state that objection to the petition for discharge and the final accounting as provided for hereinabove may be filed in the court before the hearing. Any sui juris person entitled to notice and a personal representative may waive the notice and hearing. If any objection is filed, the court shall hear the objection and enter its order thereon.
(e) Order of discharge. If the court is satisfied that the guardian has faithfully discharged his duties and has rendered a complete and accurate final accounting and has delivered the assets of the ward to the person entitled to them, the court shall enter an order of discharge. The discharge shall operate as a release from the duties of the guardianship and as a bar to any ' action against the guardian or his surety unless the action is commenced within one year from the date of the order.
Committee Notes
Rule History
1975 Revision: Implements F.S. 744.527 and F.S. 744.531, and also requires the *559 guardian applying for discharge to do so by filing a petition for discharge and provides the procedure pertaining thereto.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to paragraphs. Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 744.521 Termination of guardianship.
F.S. 744.527 Final returns and application for discharge; hearing.
F.S. 744.534 Disposition of unclaimed funds held by guardian.
Rule References
FPR 5.040 Notice.
FPR 5.041 Service of pleadings and papers.
RULE 5.690. ANNUAL ACCOUNTINGS
(a) Contents and filing. The annual accounting shall be filed on or before April 1 of each year or 90 days after termination of the ward’s fiscal year. In his accounting, a guardian of the property shall render a full and correct accounting of the receipts and disbursements of all his ward’s property of which he has control and shall include a statement of the ward’s assets.
(b) Substantiating papers. Substantiating papers shall not be filed with account-ings, but pertinent substantiating papers and records shall be available at the trial of objections to accountings.
(c) Waiver. It is not necessary to file an annual accounting when a ward who has become sui juris, or the personal representative of a deceased ward, waives the filing thereof in writing. Notwithstanding a waiver, the court may require the filing of the accounting.
(d) Appearance of guardian. The court may require every guardian to appear before the court at the time the guardian files his annual return or at such other time as the court determines in order for the court to inquire as to any matter relating to the physical and financial well-being of the ward.
Committee Notes
Rule History
1975 Revision: Substantially the same as F.S. 744.427(1), (2), and (4), and F.S. 744.-437 with editorial changes and providing for the waiving, by a ward who has become sui juris or by the personal representative of a deceased ward, of the filing of an annual accounting. The rule requires the guardian of the property of a ward to appear before the court at the time he files his annual accounting or at such time the court shall determine in order that the court may inquire as to any matter relating to the physical and financial well-being of the ward. This appears to be in conflict with F.S. 744.437 which refers to “every guardian” but in the same sentence it refers to “at the time the guardian files his annual return” and only the guardian of the property is required to file an annual accounting.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1980 Revision: Subparagraph (e) amended to avoid conflict with statutory changes in F.S. 744.437 (1979).
1988 Revision: Matter in (b) deleted; covered in F.S. 744.427(2) and 744.434. Paragraph (c) deleted; covered in F.S. 744.-427(4). Captions added to paragraphs. Committee notes revised. Citation form changes in committee notes.
Statutory References
F.S. 744.427 Annual returns.
F.S. 744.437 Annual appearance of the guardian.
*560 Rule References
FPR 5.180 Waiver and consent.
FPR 5.610 Execution by guardian.
FPR 5.700 Objections to annual account-ings.
RULE 5.700. OBJECTIONS TO ANNUAL ACCOUNTINGS
(a) Objections. After the filing of the accounting, a person interested as creditor, or otherwise, may file objections to any item in writing within 30 days after filing, or within 30 days after service of a copy when such service is required, specifying the grounds of objection. No item previously approved by the court on notice shall be subject to objection.
(b) Hearing. If objections are filed, the guardian or the objecting person, after the expiration of the time for filing objections and on reasonable notice to the other, may apply to the court for a hearing. After the hearing, the court shall enter an order sustaining or overruling the objections.
(c) Order. If no objection is filed to any accounting within the time for filing objections, the court shall examine the accounting and enter its order approving it or requiring proof of the items.
Committee Notes
Rule History
1975 Revision: Substantially the same as F.S. 744.427(3), (5), and (6) with editorial changes.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to paragraphs. Committee notes revised. Citation form change in committee notes.
Statutory Reference
F.S. 744.427 Annual returns.
Rule References
FPR 5.040 Notice.
FPR 5.041 Service of pleadings and papers.
FPR 5.690 Annual accountings.
RULE 5.710. REPORT OF PUBLIC GUARDIAN
Within six months of the appointment of the public guardian as the guardian of a ward, the public guardian shall submit a report as required by F.S. 744.708(4) to the chief judge of the circuit and file a copy with the clerk.
Committee Notes
This is a new rule and was promulgated to establish procedures to accommodate the Public Guardianship Act. See F.S. 744.701 et seq. See also FPR 5.560.
Statutory Reference
F.S. 744.701-744.709 Public Guardianship Act.
Rule Reference
FPR 5.560 Petition for appointment of guardian; notice.

. The committee's proposed amendment to rule 5.230(c) substituted the word "delivery” for "mailing." Because it is apparent that the committee did not intend to eliminate mailing as an option, the Court determined that the rule should refer to both delivery and mailing as alternative methods.